524 P.2d 989

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Albert CARDONA, Defendant-Appellant.**

**No. 1354.**

Court of Appeals of New Mexico.

June 12, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, John P. Viebranz, Asst. Public Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was convicted of aggravated burglary contrary to § 40A–16–4, N.M.S.A. 1953 (2d Repl.Vol. 6), and larceny over $100.00 but less than $2500.00 contrary to § 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6). The issue on appeal arises from the assistant district attorney's cross-examination of defendant concerning certain prior misdemeanor convictions. We affirm.

New Mexico Rules of Evidence, Rule 609, § 20–4–609, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973), states:

> "*Impeachment by evidence of conviction of crime.*
>
> "(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment."

Since misdemeanors are punishable in New Mexico by imprisonment for "less than one [1] year," the rule appears to have been violated. Section 40A–29–4(A), N.M.S.A. 1953 (2d Repl.Vol. 6).

New Mexico Rules of Evidence, Rule 103, § 20–4–103, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973), states:

"*Rulings on evidence.*

"(a) *Effect of Erroneous Ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

"(1) Objection. In case the ruling is one admitting evidence a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . ."

Although defense counsel objected to the introduction of the prior convictions under Rule 609, supra, the "specific ground[s]" stated relate to juvenile convictions and stale convictions. See Rule 609(b) and (d), supra. Since he did not assert the inadmissibility of convictions of crimes punishable by imprisonment for less than one year, this issue is raised for the first time on appeal in violation of § 21–2–1(20), N. M.S.A.1953 (Repl.Vol. 4).

Defendant suggests two methods by which we can review the alleged error despite § 21–2–1(20), supra. He alleges that the trial court had an affirmative duty to balance the probative value of the evidence against its possibly prejudicial effect. The trial court is allowed to weigh these factors under New Mexico Rules of Evidence, Rule 403, § 20–4–403, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973). That rule is a rule of exclusion and the procedure set out under Rule 103, supra, must be followed before error can be predicated upon its violation. The rule was not mentioned to the trial court, nor was the possibility of unfair prejudice brought to its attention. Cf. State v. Baca, 80 N.M. 488, 458 P.2d 92 (Ct.App.1969).

Defendant also alleges that the "plain error" provision found in Rule 103(d), supra, allows review. In United States v. Garelle, 438 F.2d 366 (2d Cir. 1970), cert. dismissed 401 U.S. 967, 91 S.Ct. 1040, 28 L. Ed.2d 541 (1971), defendant's counsel objected to cross-examination of defendant based on prior convictions. At trial he argued that the fact of the prior convictions would unduly prejudice the defendant. On appeal his objection to the cross-examination was based upon different, constitutional grounds. The court held that allowing the cross-examination did not constitute plain error under F.R.Cr.P., Rule 52(b), on which our Rule 103(d), supra, is based. The error, if any, was not the plain error contemplated by the rule.

Defendant also contends a jury instruction was erroneous in that it stated the jury could consider misdemeanor convictions and assertedly failed to limit consideration of prior convictions to impeaching defendant's credibility. No objection was made to the instruction. Defendant argues that the instruction is reviewable under Rule 41(a), Rules of Criminal Procedure, which states, "The court must instruct the jury upon all questions of law necessary for guidance in returning a verdict." See Rule 41(a), supra. We do not decide whether a credibility instruction is "necessary for guidance" under the rule. We merely hold that the instruction complained of was an instruction upon credibility. Even though it might have contained erroneous statements of law, it still satisfied the requirements of Rule 41(a), supra. That rule operates only when there is complete failure to instruct upon a necessary issue. See Advisory Committee Comment to Rule 41, supra, and cases cited therein.

The judgment of the trial court is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.