524 P.2d 520
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles R. WILSON, Defendant-Appellant.**
**No. 1363.**

Court of Appeals of New Mexico.
June 26, 1974.

Jack Underwood, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of selling and distributing heroin and marijuana in violation of §§ 54–11–20 and 54–11–22(A)(1),

N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1973). His appeal claims: (1) entrapment as a matter of law and (2) prejudicial remarks of the trial court.

*Entrapment as a matter of law.*

The entrapment contention goes to the heroin transaction. The jury was instructed on entrapment. Defendant asserts this was error on the basis there was entrapment as a matter of law.

Defendant asked an undercover agent if he would be interested in purchasing a pound of marijuana. The agent put up $50.00 towards the purchase. Subsequently, defendant asked that if marijuana could not be obtained would the agent be willing to purchase a gram of heroin. The agent was willing.

A few days later, defendant advised the agent that he had been able to obtain only a limited amount of heroin and did not have any for the agent. Defendant was unable to return the $50.00. The agent insisted on "collateral" to insure that he got his money back. After a discussion, defendant turned over $30.00 and two caps of heroin to the agent.

The entrapment claim is based on the circumstances of defendant delivering the two caps of heroin. The evidence as to those circumstances is conflicting. The agent testified to his understanding that the heroin was his to do with as he pleased. According to the agent, in connection with the $20.00 shortage, "I would either like to have some redilyn or heroin, one or the other." Defendant testified he gave the heroin to the agent "to get him off my back."

The evidence to be considered is not to be limited to the actual delivery of the heroin. The evidence that defendant initiated a conversation with the agent concerning the purchase of heroin is also to be considered.

■ The evidence raises a factual question concerning defendant's predisposition to sell or distribute heroin and concerning the extent of the agent's activity in connection with the heroin. There was no entrapment as a matter of law; the issue was properly submitted to the jury. State v. Romero, 86 N.M. 99, 519 P.2d 1180 (Ct. App.1974).

*Prejudicial remarks of the trial court.*

Defendant and Duran were tried jointly on the marijuana charge. During closing argument of Duran's counsel, which was not recorded, the trial court interrupted and admonished counsel not to argue the question of punishment to the jury. In doing so, the trial court pointed out that punishment was up to the court, not the jury.

Defendant claims the trial court's remarks were improper. We will assume, but do not decide, that they were improper. The remarks were directed to Duran's counsel, not to defendant. Defendant's claim is that the remarks were prejudicial to Duran and, therefore, also prejudicial to defendant.

■ Duran's counsel did not object to the trial court's remarks until after the jury had begun its deliberations. Duran's motion for a mistrial was not timely. State v. Peden, 85 N.M. 363, 512 P.2d 691 (Ct.App.1973). To the extent defendant seeks to raise the issue on the basis of Duran's objection, he may not do so.

■ Defendant's first objection to the trial court's remarks was in a motion for a new trial filed 28 days after the verdict. Under § 41–23–45(c), N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973) the motion was required to have been filed within ten days after the verdict. The trial court correctly ruled that defendant's motion was not timely.

The asserted error in the trial court's remarks not having been "properly brought to the attention of the court," the asserted error was waived in the trial court. Section 41–23–45(e), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973).

Thus, defendant seeks to raise an issue as to the trial court's remarks for the first time on appeal. This issue does not come

within any of the items which may be raised for the first time on appeal. See Rule 11 of the Rules Governing Appeals effective April 1, 1974. Although Rule 11 is not applicable to this case, it is a restatement of the law existing prior to its effective date.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., declined to participate in the above opinion.