554 P.2d 661

Brent J. ALBERTSON, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 11048.

Supreme Court of New Mexico.

Sept. 16, 1976.

———◆———

Mary Jo Snyder, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Donald D. Montoya, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Justice.

This case presents the issues of (1) the propriety of questioning the defendant during cross-examination with regard to his prior misdemeanor convictions, (2) the effect of failure to object properly to such questioning, and (3) the effectiveness of the trial court's admonition to the jury to disregard such testimony.

Defendant-appellant-petitioner Brent Albertson and co-defendant Joe Byrd were charged with larceny and convicted by the jury. Albertson appealed to the Court of Appeals, which summarily affirmed the conviction. *State v. Albertson*, No. 2566 (Ct.App., June 29, 1976). We granted certiorari.

Petitioner presents one major issue for review: Do the prosecutor's questions during cross-examination regarding defendant's prior misdemeanor convictions, which did not involve defendant's veracity, constitute reversible error? The State argues that: (1) the defense attorney failed to object properly to such questioning, in that he failed to state the proper ground for his objection, and (2) in any event, the judge cured the error by in-

structing the jury to disregard the testimony as to the prior convictions.

Albertson had taken the stand and was testifying to his version of the alleged theft of a camper shell. Upon recross-examination the prosecutor asked the following question: "Mr. Albertson, have you ever been convicted of any crimes, either felonies or misdemeanors?" Whereupon the defense counsel stated: "Objection, your Honor, irrelevant to this proceeding under the Rules of Evidence, to be brought up only if the defendant himself raises the issue." The trial court overruled the objection. Albertson then testified that he had not been convicted of any felonies but had twice been convicted of the misdemeanor offense of possession of marijuana. After other testimony, the trial court adjourned for lunch. Upon return the trial court professed concern over the admissibility of the testimony of the misdemeanor convictions, and it asked the defendant to take the stand. The jury did not hear this discussion and the following testimony. Both counsel questioned the defendant further with regard to these convictions. Albertson testified to some of the surrounding facts concerning those convictions but insisted that both were only misdemeanor convictions. The prosecution stated that he assumed that these convictions had to include at least one felony, because Albertson was placed on parole for three years.[1] However, the prosecutor could not prove that the defendant had been convicted of a felony. The trial court then concluded that it was in error in allowing that testimony. After the jury returned, the trial court instructed the jury that it should disregard the testimony concerning the convictions of possession of marijuana, stating:

Under the law, evidence of misdemeanor convictions are not admissible for any

purpose in the impeachment of the credibility of the witness. So at this time I'm instructing you to completely disregard the questions and the answers elicited from the defendant Brent Albertson relative to his convictions for possession of marijuana. Is that understood by everyone? I know it's difficult to do that under the circumstances, but try as hard as you can to completely eliminate that testimony from your deliberations and do not give it any consideration whatsoever in your final deliberation of this case.

■ Rule 609(a) of the Rules of Evidence [§ 20-4-609(a), N.M.S.A.1953 (as amended, April 1, 1976)] delimits the requirements for the admission of prior crimes to attack the credibility of a witness:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Clearly the prosecutor's questions as to Albertson's misdemeanor convictions were improper. However, defense counsel's objection to this questioning was based upon (1) irrelevancy and (2) the fact that the issue was not brought up in direct examination. The latter objection was invalid for N.M.R. Evid. 611(b) [§ 20-4-

---

1. Albertson's probationary status is somewhat confused. The only testimony thereto was his own: "The charges were drawn up as a felony, possession of marijuana, and dropped during the procedure of Court to a misdemeanor, which I get three months on both counts, three years' probation in California. Supposed to have three years' probation in Phoenix, Arizona, and I was off six months—I believe it was six months."

611(b), N.M.S.A.1953 (as amended, April 1, 1976)] states:

(b) Scope of Cross-Examination. Cross-examination should be limited to the subject matter of the direct examination and *matters affecting the credibility of the witness.* The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination. (emphasis added).

■■ The objection based on relevancy implicitly asserts the policy behind Rule 609, that is, prior convictions of misdemeanors, not dealing with the veracity of the defendant, simply are irrelevant as to his credibility. Had defense counsel objected on the basis of Rule 609, the trial court would have been properly apprised of the nature of the objection, and it probably would have then sustained the objection, rather than waiting until after lunch to change its ruling. In the end, however, the trial court itself concluded that the questioning as to those misdemeanors was improper. We find that defense counsel's objection was sufficiently specific to alert the trial court and the prosecution to the impropriety of the questioning, and thus defense counsel did not waive this error.

■ Finally, the State argues that the verbal instruction to the jury was sufficient to cure any prejudice to the defendant. We do not agree. In a case such as this, where the very essence of defendant's defense hinges upon his credibility, we feel questioning the defendant about his prior convictions of possession of marijuana, which easily conjures notions and prejudices in the mind of a juror, cannot be rectified by an admonition to disregard such testimony. *Cf. State v. Rowell,* 77 N.M. 124, 419 P.2d 966 (1966); *State v. Garcia,* 83 N.M. 51, 487 P.2d 1356 (Ct.App.1971).

The summary affirmance of the Court of Appeals is reversed. The case is remanded for a new trial.

OMAN, C. J., and McMANUS, MONTOYA and EASLEY, JJ., concur.