560 P.2d 945

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Michael Marvin DAY,
Defendant-Appellant.**

**No. 2731.**

Court of Appeals of New Mexico.

Jan. 25, 1977.

Rehearing Denied Feb. 4, 1977.

Certiorari Denied Feb. 28, 1977.

Charles Driscoll, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Anthony Tupler, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of aggravated burglary and second degree criminal sexual penetration. The dispositive issue involves instructions to the jury concerning the defense of insanity at the time of the offenses. We reverse because the instructions were contradictory and confusing.

During jury selection the trial court erroneously informed the prospective jurors that defendant had the burden of proving that he was insane. *State v. James*, 83 N.M. 263, 490 P.2d 1236 (Ct.App. 1971). Immediately prior to the reading of the jury instructions, the trial court corrected this information, stating:

"'And when I stated that it was the burden of the defendant to establish his insanity, that was not correct. I was trying to explain the burden of proof. In the absence of any evidence, there is always a presumption of sanity . . . You will receive instructions on this . . . Once evidence of insanity is introduced and is received, then you are instructed on that. But the sanity of the defendant must be established by the state. They have the burden of proving that. And it must be established beyond a reasonable doubt. Now, that's what I should have said but I didn't say it very well. So I want to take this time to tell you that if anything I had said at that time bothered or disturbed you, you are to disregard it and listen to what I have

just told you here this morning and use this correction (and the statements that I have made) in the course of your deliberations if in fact you have any problems.' "

We are not concerned with the misstatement as to the burden of proof or with the point of time in the trial when the misstatement was corrected. Our concern is with the contents of the corrective statement and the relation of the contents to instructions given. The corrective statement told the jury: (1) to use the corrective statement during deliberations, (2) there is always a presumption of sanity, and (3) the State must establish the sanity of the defendant by proof beyond a reasonable doubt.

U.J.I.Crim. 41.00 is an instruction which defines sanity and which inferentially states that insanity must be proved beyond a reasonable doubt. The Committee Commentary to U.J.I.Crim. 41.00 states: "The instruction does not deal specifically with the problem of burden of proof."

Trial court instruction 7 tracks U.J.I. Crim. 41.00. The first sentence of instruction 7 states: "Evidence has been presented concerning the defendant's sanity."

Over defendant's objection, the trial court gave instruction 6, which reads:

"The defendant is presumed to be sane at the time of the commission of the criminal act, and the presumption of sanity remains unless and until competent evidence is introduced to show the defendant was not sane at the time of the commission of the criminal act alleged. Once the defendant introduces evidence which creates a reasonable doubt as to his sanity, the State must prove the defendant is sane beyond a reasonable doubt. However the State is not required to present any evidence on the issue, and it may instead simply rely on the presumption."

Other instructions told the jury that the State must prove beyond a reasonable doubt: (1) the elements of the offenses, (2) defendant's intent, and (3) defendant's guilt. The express references to the State's burden of proving sanity beyond a reasonable doubt are in the corrective statement and in instruction 6.

In accordance with U.J.I.Crim. 40.60, reasonable doubt was defined as "a doubt based upon reason and commonsense—the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life."

The confusion is demonstrated by the following items.

■■ 1. It is for the court to determine whether the evidence raises a question for the jury as to defendant's sanity. *State v. Wilson*, 85 N.M. 552, 514 P.2d 603 (1973). The first sentence of instruction 7 makes it clear that such a determination had been made. Yet instruction 6 leaves the impression that the jury is to determine whether there is an *issue* as to defendant's sanity.

2. The corrective statement informed the jury that the State must prove sanity beyond a reasonable doubt. Instruction 6 placed this burden on the State only after defendant introduced evidence creating a reasonable doubt as to his sanity.

■ 3. *State v. Wilson*, supra, states that defendant "must offer evidence *tending to show* his insanity at the time in order to create a jury question upon this issue, unless a jury question on this issue is raised by evidence adduced by the state . . ." (Our emphasis.) The "tending to show" requirement is omitted from instruction 6. The first sentence of instruction 6 requires that the evidence "show" insanity. The second sentence of instruction 6 requires defendant to introduce evidence "which creates a reasonable doubt as to his sanity". The "tending to show" requirement of *State v. Wilson*, supra, is a lesser burden than creating a reasonable doubt as "reasonable doubt" is defined in U.J.I.Crim. 40.-60.

4. The corrective statement informed the jury that there is always a presumption of sanity. The first sentence of instruction 6 indicates the presumption disappeared when there was evidence "to show" defendant's insanity. With the contradictory

statements, when did the last sentence of instruction 6 apply? We are not concerned here with whether *State v. Lujan*, 87 N.M. 400, 534 P.2d 1112 (1975), cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 400 (1975) contradicts *State v. Wilson*, supra, as to *how* the presumption of sanity is to be used; our concern is with confusion as to the applicability of the presumption.

██ In light of *State v. Wilson*, supra, we do not agree with defendant's claim that the presumption of sanity should not be mentioned in jury instructions. We do not consider defendant's claim that the word "competent" in instruction 6 was ambiguous because defendant did not object to the use of that word.

On the basis of the four items discussed above, we hold the instructions confused the jury and this confusion deprived defendant of a fair trial on the insanity issue. See *State v. Buhr*, 82 N.M. 371, 482 P.2d 74 (Ct.App. 1971). The State argues that defendant's objections to the instructions did not raise the "confusion" issue. We disagree. Defendant informed the trial court that the reference to presumption and the introduction of evidence concerning insanity in instruction 6 had resulted in confusion. Accordingly, the liberal approach of the Supreme Court in determining whether an objection was made need not be considered. See *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976).

The judgment and sentences are reversed. Defendant is to be given a new trial.

HENDLEY and HERNANDEZ, JJ., concur.