577 P.2d 878

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Michael Marvin DAY,
Defendant-Appellant.**

No. 3154.

Court of Appeals of New Mexico.

Feb. 7, 1978.

Rehearing Denied Feb. 24, 1978.

Writ of Certiorari Denied March 28, 1978.

OPINION

WOOD, Chief Judge.

Defendant was convicted of aggravated burglary and criminal sexual penetration in the second degree. In *State v. Day*, 90 N.M. 154, 560 P.2d 945 (Ct.App.1977) we reversed because of contradictory and confusing jury instructions concerning the defense of insanity at the time of the offenses. Upon retrial, defendant was again convicted. We again reverse, this time because of prosecutor misconduct which cannot be considered as harmless. Because the case must again be retried, we discuss two issues that may arise on retrial. The matters discussed are: (1) prosecutor misconduct; (2) harmless error; (3) the relationship of Evidence Rules 403 and 609, and (4) references to defendant exercising his right to counsel.

Defendant claims the evidence of intent to commit a theft upon entering the victim's apartment and the evidence concerning his insanity were insufficient to raise a jury issue. He claims a double jeopardy issue as to the same evidentiary claims in connection with his first trial. These issues are without merit and do not require discussion. Defendant's arguments are based on a view of the evidence most favorable to defendant. That is not the basis for reviewing the evidence; we review the evidence in the light most favorable to the verdict. *State v. Driscoll*, 89 N.M. 541, 555 P.2d 136 (1976); *State v. Gonzales*, 82 N.M. 388, 482 P.2d 252 (Ct. App.1971).

Defendant refers us to various portions of the prosecutor's closing argument to the jury and asserts these amounted to prosecutor misconduct requiring reversal. We discuss two of the prosecutor's arguments. As to the other arguments, either there was no timely objection, *State v. Wilson*, 86 N.M. 348, 524 P.2d 520 (Ct.App.1974), or the trial court's ruling on the objection made came within the trial court's discretion in controlling arguments of counsel, *State v. Pace*, 80 N.M. 364, 456 P.2d 197 (1969).

Charles Driscoll, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

**572**

*Other Criminal Conduct—Prosecutor Misconduct*

There are three interrelated references to other criminal conduct. All occurred during the prosecutor's cross-examination of defendant. We discuss them as items (a), (b) and (c).

Item (a). Defendant was armed with a "starter pistol" when he entered the victim's apartment. After having defendant testify that he carried a starter pistol rather than a "real gun" so as not to hurt anybody, the prosecutor asked: "Now, let's see, you were convicted in 1964—". Before the question was completed, defendant interrupted, objected and moved for a mistrial. The objection was sustained and the jury was admonished to disregard the 1964 conviction; the motion for a mistrial was denied. The prosecutor, however, referred to the 1964 conviction in his closing jury argument.

Item (b). Over defendant's objection, the trial court permitted the prosecutor to bring out that defendant had been convicted of robbery in 1965 in California. The admission of this conviction was proper under Evidence Rule 609(a) and (b). We do not discuss the 1965 conviction further in this point; however, the basis for the trial court's admission of this conviction is discussed in point three of this opinion.

Item (c). Immediately after establishing the 1965 robbery conviction, the following occurred:

Question by the prosecutor: So the fact that you weren't carrying a real gun— if you had been carrying a real gun, it would have constituted a federal offense, wouldn't it?

Answer: I don't know.

Defense Counsel: Your Honor, I object.

The Court: The objection will be sustained.

On appeal, the State asserts that defendant's objection was untimely. We fail to understand the basis for this contention and the State does not explain its untimeliness claim.

■ The 1964 conviction was not admissible to attack defendant's credibility under the wording of Evidence Rule 609(b) as amended effective April 1, 1976. The rule, as amended, applied to this case. The 1964 conviction was not admissible because more than ten years had elapsed since the date of the conviction and defendant had never been confined for that conviction. The prosecutor sought admission of the 1964 conviction on the basis of the wording of Evidence Rule 609(b) prior to its amendment in 1976. Although the prosecutor proceeded on an erroneous basis, the prosecutor's error is not to be characterized as misconduct.

Since the issue is misconduct, we do not consider whether the reference to a 1964 conviction, not admissible under the evidence rules, was in itself reversible error. See *Albertson v. State,* 89 N.M. 499, 554 P.2d 661 (1976).

The misconduct occurred in the prosecutor's closing argument. Defendant, in his closing argument to the jury, asserted that the prosecutor had withheld evidence from the jury that was favorable to the defendant. This evidence, brought out by the defense, was that a witness who observed defendant at the scene stated to the police that defendant acted like a crazy man. This was fair argument on the basis of the evidence. The prosecutor responded to the defense argument by asking the jury "to think about one little fact":

" 'Question' from Mr. McDevitt, standing right over there directed at Michael Day, 'Isn't it true that in 1964 you were convicted of—' 'Objection!' (by Mr. Driscoll). Jury goes into the little room, comes back out and we have the testimony—".

Defendant moved for a mistrial, which was denied. However, the trial court admonished the jury to disregard the prosecutor's comments.

Rule 7–106(C)(1) of the Code of Professional Responsibility states that a lawyer shall not "[s]tate or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence." The

fact that the 1964 conviction was not admissible under the evidence rules established the irrelevancy of the conviction. *Albertson v. State,* supra. The trial court had excluded the 1964 conviction; the reference to that conviction was not supported by admissible evidence. The prosecutor's reference to the 1964 conviction in closing jury argument was misconduct.

On appeal, the State would excuse this misconduct on the basis that defendant had "opened up" the 1964 conviction in his closing argument.

> The general rule is that remarks of the district attorney, which ordinarily would be improper, are not ground for reversal if they are provoked by defendant's counsel, and are in reply to his acts or statements, unless such remarks go beyond a pertinent reply and bring before the jury extraneous matters touching important issues. *State v. Parks,* 25 N.M. 395, 183 P. 433 (1919).

Defendant did refer to a 1964 conviction in closing argument but the reference was part of an argument that defendant's credibility should not be diminished because of his robbery conviction. While defendant misstated the year of that conviction, it is clear that the reference was to the conviction which had been admitted as evidence; see item (b). The prosecutor's argument was not in reply to defense counsel's remarks concerning the conviction or concerning defendant's credibility; nor was the prosecutor's argument provoked by these remarks. The prosecutor's argument was provoked by and was in reply to defendant's argument that the prosecutor withheld evidence favorable to the defense. The prosecutor's argument was that the defense had also withheld evidence by objecting to testimony concerning the inadmissible 1964 conviction.

In addition, the prosecutor's argument went beyond any pertinent reply to defendant's misstatement that the robbery conviction occurred in 1964. The prosecutor's argument referred to an extraneous matter, a conviction not admissible under the rules of evidence. The prosecutor's misconduct in

jury argument was not excused on the basis that defendant opened up the 1964 conviction.

There is no justification for the prosecutor's question about a possible federal offense if defendant had carried a real gun. It was not relevant to any issue in the trial. Evidence Rule 401. This inquiry did not involve other crimes or wrongs, see Evidence Rule 404(b); the inquiry was speculation about a *possible* crime.

On appeal, the State does not attempt to justify the question concerning a possible federal crime. Rather, the State's argument is that defendant did not object until the question had been answered and did not, at the time, move for a mistrial. These procedural arguments go to the consequences of the misconduct which we consider in point two.

■ This point does no more that identify two items of misconduct. They were the argument to the jury about a conviction that had been excluded from evidence, item (a) and questioning defendant concerning a possible federal crime, item (c).

*Harmless Error*

What is the consequence of the two items of prosecutor misconduct? Specifically, was defendant harmed by the misconduct and, if so, how? These questions arise because there is substantial evidence justifying the convictions and because the case has now been twice tried with the same jury result at each trial. In fairness, is another trial necessary? Yes.

Neither the improper jury argument nor the reference to a possible federal crime had any place in the trial. These two items of misconduct could have had no purpose other than to arouse the prejudices of the jury against defendant. See *State v. Rowell,* 77 N.M. 124, 419 P.2d 966 (1966).

■ This purposeful misconduct must be considered in light of the harmless error rule. For the misconduct to be considered harmless, we must be able to say that the evidence of guilt was so overwhelming that there is no reasonable probability that the

misconduct contributed to the conviction. See *State v. Self,* 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975); *State v. Thurman,* 84 N.M. 5, 498 P.2d 697 (Ct.App.1972). We cannot make that statement. While there is substantial evidence to support the convictions, there is also substantial evidence that defendant did not enter the victim's apartment with the intent to commit theft, and substantial evidence that defendant was insane at the time he committed the offenses. The jury had to resolve conflicting testimony. We cannot say that the prosecutor's misconduct did not play a part in resolving the conflicts in favor of guilt.

To a large extent the insanity defense depended upon the credibility of defendant. Both items of misconduct, the jury argument about an excluded conviction and the questioning about a possible federal offense, involve credibility. In this situation, the misconduct could not be rectified by admonishing the jury (item a) or sustaining defendant's objection (item c). *Albertson v. State,* supra; *State v. Rowell,* supra.

■ Inasmuch as the misconduct was purposeful, cannot be considered as harmless and could not be rectified by admonitions from the trial court, the error resulting from the misconduct could not have been cured at the trial. The consequence is that defendant was denied a fair trial by the two items of misconduct. Having been denied a fair trial, the failure of defendant to ask for a mistrial as to one item of misconduct does not prevent this Court from remanding for a new trial. See *State v. Leyba,* 89 N.M. 28, 546 P.2d 876 (Ct.App. 1976); *State v. Vallejos,* 86 N.M. 39, 519 P.2d 135 (Ct.App.1974).

*Relationship of Evidence Rules 403 and 609*

Prior to the adoption of the evidence rules, the credibility of a witness could be attacked by questioning concerning prior crimes. Such an attack was permitted only where the probative value as to credibility outweighed the tendency to prejudice the defendant. *State v. McFerran,* 80 N.M. 622, 459 P.2d 148 (Ct.App.1969) and cases therein cited.

Evidence Rule 609(a), as originally adopted in 1973, provided that evidence of certain crimes was admissible to attack the credibility of a witness. As originally adopted, Evidence Rule 609(a) did not contain any specific balancing requirement. However, Evidence Rule 403 gave the trial court discretion to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice".

■ In light of Evidence Rule 403, we have not viewed the evidence rules as changing the balancing approach required prior to the adoption of the evidence rules. Rather, Evidence Rule 403 has been considered to be applicable to various items of evidence admissible under the rules. See *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977); *State v. Hogervorst,* 90 N.M. 580, 566 P.2d 828 (Ct.App.1977); *State v. Ortiz,* 88 N.M. 370, 540 P.2d 850 (Ct.App.1975). Evidence admissible under Evidence Rule 609 was subject to exclusion by the trial court under Evidence Rule 403. *State v. Baca,* 86 N.M. 144, 520 P.2d 872 (Ct.App. 1974); see *State v. Cardona,* 86 N.M. 373, 524 P.2d 989 (Ct.App.1974). Consistent with the above decisions, 1 Weinstein's Evidence, ¶ 403[01] (1977) states:

Rule 403, the major rule explicitly recognizing the large discretionary role of the judge in controlling the introduction of evidence, codifies previous case law. Being in terms unlimited, it applies to all forms of evidence: direct and circumstantial, testimonial, documentary, real proof, and demonstrations.

1 Weinstein, supra, 1977 Supplement states:
The balancing approach to Rule 403 should also be utilized in deciding on the admissibility of evidence relevant to impeachment.

Evidence admissible under Evidence Rule 609(a) is admissible to impeach the credibility of the witness.

Our consistent "balancing" approach to the admission of evidence was made uncertain, as to the admissibility of prior convictions, by the amendment to Evidence Rule 609(a). The amendment, as adopted, con-

forms the New Mexico rule to the federal evidence rule. As amended, Evidence Rule 609(a) reads:

(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

An ambiguity results from the specific reference to a "balancing" requirement in Evidence Rule 609(a)(1). Since a balancing was already required by Evidence Rule 403, and since a specific balancing requirement was inserted into Evidence Rule 609(a)(1) by the amendment, was the intent to remove a balancing requirement in determining the admissibility of convictions under Evidence Rule 609(a)(2)?

3 Weinstein's Evidence, ¶ 609 (1977) reviews congressional action in connection with federal Evidence Rule 609 (the New Mexico rule as amended). That review shows extensive discussion of the intent in adopting federal Evidence Rule 609, but little discussion of that rule's relationship to Evidence Rule 403. 3 Weinstein's Evidence, supra, ¶ 609[03a] states that Evidence Rule 609(a)(2) "admits automatically those convictions". Convictions admissible under Evidence Rule 609(a)(1) are subject to the balancing test. *Weinstein* continues:

Rule 609(a)(2) mandates the admission of evidence of all prior convictions of any crime—felony or misdemeanor—involving dishonesty or false statement. It is as yet an open question whether a conviction involving dishonesty or false statement can nevertheless be excluded in the exercise of the judge's discretion pursuant to Rule 403 on grounds of confusion, waste of time, or extreme prejudice.

Whatever discretion (outside of that specified) remains under Rules 102, 403 and 611(a) is exceedingly narrow since Congress considered the prior conviction to impeach issue more fully than any other single rule and the compromise it reached should be respected by the courts.

The open question referred to in the above quotation is before us for decision; defendant raised it in both of his trials in connection with the admissibility of the 1965 robbery conviction.

In resolving the interrelationship of Evidence Rules 403 and 609, the intent of Congress in adopting the federal rules of evidence is not controlling. New Mexico adopted rules of evidence before Congress approved the federal rules. In addition, the variations between the New Mexico and federal rules prevent us from stating that the federal intent was New Mexico's intent.

In our opinion, New Mexico's intent is ascertained by considering *two* New Mexico evidentiary rules.

One rule, a general one, was that the trial court had discretion in the admission or exclusion of evidence. The validity of this general rule was reaffirmed in *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977) which states: "The admission or exclusion of evidence is a decision within the sound discretion of the trial court, whose judgment will be set aside only upon a showing of abuse of discretion." This general rule is not limited to evidence offered against a defendant in a criminal case; it could apply to evidence offered against the prosecution. See the facts in *United States v. Dixon,* 547 F.2d 1079 (9th Cir. 1976). Further, this general rule is not limited to criminal cases; it applies to any type of case, and all forms of evidence. See 1 Weinstein's Evidence, ¶ 403[01]. This general rule of evidence is reflected in Evidence Rule 403.

A second rule, which is a specific application of the general rule, applies to the cross-examination of a witness concerning prior convictions. Under this rule the balancing required involves a determination of whether the probative value of the prior conviction (of the witness, whether or not the

defendant) is outweighed by the tendency to prejudice the defendant. *State v. Victorian,* 84 N.M. 491, 505 P.2d 436 (1973). This specific application to the defendant was not stated in Evidence Rule 609(a) as originally adopted. This specific application was included by the amendment to Evidence Rule 609(a)(1).

■ The amendment which brought the pre-existing specific rule into the rules of evidence cannot be considered as removing the applicability of the general rule inasmuch as the general rule has been reaffirmed subsequent to adoption of the amendment. *State v. Bell,* supra.

Thus, the trial court's discretionary authority in admitting or excluding evidence under Evidence Rule 403 continues to apply to any evidence, and applied to evidence of the 1965 conviction in this case.

Inasmuch as Evidence Rule 403 applies to the admission of all evidence, and thus evidence admissible under amended Evidence Rule 609(a), what was the purpose of the amendment of Evidence Rule 609(a)(1)? The purpose was to emphasize concern for the defendant when prior felony convictions of any witness are offered in evidence. That concern was shown in a specific rule prior to the adoption of the rules of evidence; that concern was not stated in Evidence Rule 609 when originally adopted; the amendment was to make clear that the concern had not diminished by adoption of the rules of evidence.

■ A subsidiary issue under this point was whether the robbery was a crime involving dishonesty or false statement. This need not be discussed because the hearing on admission of the robbery conviction shows the trial court exercised its discretion in admitting the conviction. *State v. Victorian,* supra. At the hearing defendant conceded that he had no basis for overturning a discretionary ruling. On the merits, robbery may not be a crime involving deceit, that is, false statement. However, it clearly involves theft, which is dishonesty. *State v. Melendrez,* (Ct.App.) No. 2975, decided November 29, 1977; § 40A–16–2 N.M.

S.A.1953 (2d Repl. Vol. 6, 1975 Supp.). A contrary approach in *United States v. Smith,* 179 U.S.App.D.C. 162, 551 F.2d 348 (1976) is neither impressive nor controlling. See 3 Weinstein's Evidence, ¶ 609[03a].

*References to Defendant Exercising His Right to Counsel*

After defendant was subdued at the scene and taken to jail, an officer orally advised defendant of various "rights" by reading them from a written form. Defendant then stated that " 'this was all hogwash' ". The officer asked defendant what he meant by " 'hogwash' ". Defendant then stated, " ' "sure, I went in" ' ", explained that he was looking for his dog, he heard a yelling and when he walked in " 'all hell broke loose.' " Then defendant said " ' "I had better not do or say anything until my attorney arrives." ' "

We agree with the defendant that the prosecutor knew of defendant's remark about his lawyer and deliberately introduced this remark into evidence. In addition, in closing argument to the jury, the prosecutor referred to defendant's remark about his lawyer.

■ Defendant reminds us that the right to counsel is a constitutional right. He asserts that evidence and argument as to the exercise of that right were improper and deprived defendant of a fair trial. We disagree.

■ The fact that the jury is informed that defendant exercised his constitutional right to counsel is not per se error. The question is whether defendant has been prejudiced by the prosecutor's use of the fact that defendant exercised his constitutional right. *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App.1976). The "prejudice" involved is not that competent evidence was introduced against defendant. The question is whether the probative value of the evidence was outweighed by its prejudicial effect. *State v. Hogervorst,* supra. In determining whether prejudice occurred in this case, the question is whether the probative value of the fact that defendant exer-

cised his right to counsel was outweighed by the prejudicial impact of informing the jury of that fact. *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App.1975) as limited in *State v. Baca,* 89 N.M. 204, 549 P.2d 282 (1976). See also *People v. Rivera,* 56 A.D.2d 701, 392 N.Y.S.2d 516 (1977). If there was significant probative value to the fact that defendant exercised his right to counsel, defendant was not prejudiced by evidence to that effect.

Evidence that defendant did not want to talk "until my attorney arrives" had significant probative value. In support of the defense of insanity, defendant presented evidence that, at the time he committed the offenses, he was in a dreamlike or disassociative state with only a vague notion of the nature and quality of his acts. Defendant's conduct and statements within a short time of his arrest were probative of the truth of this defense evidence. The officer testified, in rebuttal, that defendant appeared neither intoxicated, wild nor crazy, that there was nothing unusual about defendant's actions, that defendant was responsive to the advice of rights. It was in this context that the prosecutor brought out that defendant did not want to say anything until his attorney arrived. The prosecutor's reference to defendant's attorney remark in argument to the jury was in the same context. The references to defendant's exercise of his right to counsel were in rebuttal of the insanity defense and were not error.

A subsidiary issue under this point is defendant's claim that he never waived his right to remain silent. This argument is apparently based on the fact that after being advised of his rights, defendant declined to sign a waiver. The absence of a signed waiver is not dispositive of whether defendant waived his right to remain silent. *State v. Courtright,* 83 N.M. 474, 493 P.2d 959 (Ct.App.1972). The evidence is sufficient to show a waiver up to the point defendant decided to wait for his lawyer.

Because of prosecutor misconduct, the judgment and sentence are reversed. The cause is remanded with instructions to grant defendant a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.