No. 49,862

STATE OF KANSAS, *Appellee,* v. DONALD WOOLRIDGE, *Appellant.*

(580 P.2d 1350)

Opinion filed July 15, 1978.

*Max Rowinsky,* of Topeka, argued the cause, and *Randall K. Rathbun,* legal intern, was with him on the brief for the appellant.

*Ronald E. Wurtz,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from a conviction for aggravated robbery (K.S.A. 21-3427). The issue on appeal concerns the trial court's refusal to allow the defendant to introduce evidence that the victim, William Elton Davis, had a prior conviction for selling liquor without a license (K.S.A. 41-901). Defendant contends the conviction is one involving dishonesty or false statement, making it admissible under K.S.A. 60-421. We disagree.

In support of his position, defendant cites *Davis v. Alaska,* 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974). The case is not applicable. *Davis* involved the question of the right to cross-examine a key prosecution witness regarding a prior adjudication of juvenile delinquency to demonstrate that the witness was still under control of the state and might thereby be subject to pressure by the prosecution. In the case at bar the prior conviction for selling alcohol without a license did not prove bias or prejudice of the witness against defendant, or pressure by the prosecution on the witness.

In the recent case of *State v. Nixon,* 223 Kan. 788, 576 P.2d 691 (1978), Mr. Justice Holmes set forth the well established rule that drug offenses per se do not involve dishonesty or false statement in their commission; hence, convictions for such offenses are inadmissible under K.S.A. 60-421 for the purpose of impairing the credibility of a witness. (See also, *State v. Crowley,* 220 Kan.

532, 552 P.2d 971 [1976]; *State v. Belote,* 213 Kan. 291, 516 P.2d 159 [1973].)

The judgment of the trial court is affirmed.