707 P.2d 1185

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Kenneth BOBBIN, Defendant-Appellant.**

**No. 8084.**

Court of Appeals of New Mexico.

Aug. 29, 1985.

Certiorari Denied Oct. 1, 1985.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his conviction of attempted criminal sexual penetration in the second degree, aggravated assault, and false imprisonment. Two issues are raised on appeal: (1) whether defendant was denied a fair trial when the trial court refused to grant a continuance to enable defendant to pursue discovery; and (2) whether the trial court erred in refusing to allow defendant to impeach the victim with her prior criminal convictions. We affirm.

## FACTS

Defendant was indicted on October 18, 1983 for attempted rape, aggravated assault, and false imprisonment committed on October 6, 1983. On March 6, 1984, defense counsel wrote a letter to the attorneys representing Hubbard Broadcasting (KOB) requesting that KOB disclose all videotapes and information they had about the case. Mai Pham, a reporter for KOB, had interviewed the victim shortly after the incident and KOB aired a one-minute segment about the incident sometime thereafter on the evening news.

Numerous pre-trial hearings were held on the question of whether defendant was entitled to information about the case obtained by news reporter Mai Pham. The chronology of pertinent events is as follows:

October 18, 1983: Defendant indicted for alleged offenses committed on October 6, 1983.

March 6, 1984: Letter to KOB attorneys from defense counsel requesting disclosure of information.

March 13, 1984: Trial setting on trailing docket for week of April 2, 1984.

March 27, 1984: Motion for discovery of KOB information; Hearing on the motion set for March 30.

March 29, 1984: Subpoena duces tecum for Mai Pham pertaining to the March 30th hearing.

March 30, 1984: Motion for discovery and subpoena duces tecum of Pham declared moot by defense counsel because KOB agreed to make videotape news report available to defense counsel; Videotape subsequently viewed by defense counsel.

April 10, 1984: Motion to compel Mai Pham to make a statement; Hearing on the motion set for April 11, 1984.

April 11, 1984: Subpoena of Mai Pham for April 11 hearing; Judge does not rule on whether the April 11 subpoena was properly served; Judge ruled that interview of Pham by defense counsel should be arranged immediately but refused to order that a deposition be

taken; Interview with Pham held April 11.

April 13, 1984: Subpoena duces tecum of Pham issued for April 16 trial; Motion filed to quash subpoena by KOB.

April 16, 1984: Motion to take Pham's deposition; Motion hearing held; Judge refused to order Pham to do anything but stated that she would be subject to any subpoenas requested by defense counsel.

April 17, 1984: Defendant failed to show up for trial.

April 20, 1984: Trial judge ruled (in open court) that all of defendant's motions filed before April 17 are moot due to defendant's failure to show up for trial on April 17; Judge warned that formal discovery was not requested until April 10 and that Pham may be deposed, but it is defense counsel's burden to request it; Judge allowed deposition of Pham to be scheduled the morning before trial on April 23; Arrangements made for Pham's deposition to be conducted at 4:00 p.m. that day—defense counsel failed to appear; Defense counsel decided not to reschedule for April 21.

April 23, 1984: Trial commenced; Judge ordered Pham to be available for trial.

April 24, 1984: Court ordered Pham to appear at the second day of trial; Defense counsel decided not to call Pham as a witness; Defendant found guilty of charged offenses.

## I. DISCOVERY

Defendant argues that the trial court's denial of his motion for a continuance denied him of a fair trial. Defendant claims that he is entitled to depose Mai Pham and compel her to disclose any notes she might have concerning her interview with the victim.

Discovery in criminal cases is governed by NMSA 1978, Crim.P.Rule 29 (Cum.Supp. 1984). Rule 29(a) provides:

[w]ithin ten days after *request* by a party, any person other than the defendant, whose testimony *may be material*

*and relevant* to the offense charged *shall* give a statement. * * * *If* the district court finds that the testimony of the witness *may be material and relevant* to the offense charged, the district court *may* issue a subpoena compelling the witness * * * [to] give a statement relating to the offense charged. [Emphasis added.]

Rule 29(a) vests the trial judge with discretion in compelling discovery of witnesses. The rule states that a witness "shall" give a statement within ten days of a request by counsel to do so, but also provides that the court "may" order a witness to make a statement if it may be material and relevant to the offense charged. The judge is thus left with discretion to order or not to order a statement from a witness.

 The granting of discovery in a criminal case is a matter peculiarly within the discretion of the trial court. *State v. Beard*, 74 Wash.2d 335, 444 P.2d 651 (1968). A trial judge's denial of a defendant's discovery requests will be reviewed according to an abuse of discretion standard. *State v. Pruett*, 100 N.M. 686, 675 P.2d 418 (1984). The defendant must show that the trial court's denial of a continuance for further discovery (1) was an abuse of discretion, and (2) injured or prejudiced him. *Id.*

The supreme court in *State v. Pruett* found that because the defendant failed to show that information from potential witnesses would assist his defense, the trial court had not abused its discretion in failing to grant a continuance. The defendant in the present case has failed to meet this burden. He has failed to show how further information from Pham would assist his defense. In addition, the record shows that defense counsel was allowed to fully interview Pham on April 11, but later decided not to call Pham as a witness at trial after the judge ordered her to be available at trial. Defense counsel's decision not to call Pham at trial indicates that her testimony would not have assisted the defense. Whether Pham knew of matters not

touched on in the interview which may have benefited the defense is pure speculation. A judge's judicial discretion is circumscribed by the reasonableness of counsel's request since "mere 'fishing expeditions' are not to be countenanced * * *. [Discovery is proper where the information] would be seriously considered by the trier of fact in determining guilt or innocence." *State ex rel. DeConcini v. Superior Court, Pima County,* 20 Ariz.App. 33, 509 P.2d 1070, 1072, 1074 (1973), *overruled, State v. Superior Court, Pima County,* 132 Ariz. 374, 645 P.2d 1288 (1982).

▮ Furthermore, criminal defendants do not have a constitutional right to discovery. *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *see also State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (Ct.App.), *cert. denied,* 91 N.M. 751, 580 P.2d 972 (1978). Pre-trial discovery in favor of a criminal defendant is not required by due process. *Jones v. Superior Court of Nevada County,* 58 Cal.2d 56, 22 Cal.Rptr. 879, 372 P.2d 919 (1962) (en banc); *see also State v. Orona,* 92 N.M. 450, 589 P.2d 1041 (1979).

▮ In the present case, defense counsel has not made any showing that further discovery of Pham would in any way benefit the defense. Defendant's argument that the court's failure to order that Mai Pham be deposed constituted prejudicial error is without merit. The burden is upon defendant to establish prejudice. *See State v. Perrin,* 93 N.M. 73, 596 P.2d 516 (1979).

Defense counsel was allowed a full interview of Pham on April 11, 1984. At that time, defense counsel was permitted to ask Pham any questions they wished about the case. Defendant does not make any claim on appeal that Pham refused to cooperate during this interview. Defendant's claim of prejudice arises from the court's refusal to order the deposition of Pham and continue the trial to a future date. NMSA 1978, Crim.P.Rule 29(b) (Cum.Supp.1984) provides:

> Upon motion * * * the district court *may* order the taking of the deposition of any person * * * *upon a showing* that

his testimony may be *material and relevant* to the offense charged, that it is *necessary* to take his deposition to *prevent injustice,* that the taking of a statement is *inadequate to preserve* the testimony in question, and that the person may be *unable to attend* trial or a hearing. [Emphasis added.]

Rule 29(b) vests the trial judge with ample discretion in finding that he "may order" a deposition subject to many considerations: materiality, relevancy, necessity, justice, and witness availability.

▮ New Mexico appellate courts have also ruled that, in criminal cases, depositions are only to be used in exceptional circumstances. *McGuinness v. State,* 92 N.M. 441, 589 P.2d 1032 (1979); *State v. Barela,* 86 N.M. 104, 519 P.2d 1185 (Ct. App.1974). In addition, defendant's right to depose a witness is not a constitutional right. *Annot.,* 2 A.L.R.4th 704 (1980). Courts may deny a defendant's request to depose a witness if there was an unreasonable delay in filing a motion for a deposition. *Id.*

Defense counsel was assigned to the case on March 1, 1984. They initiated discovery requests in a letter to KOB on March 6, 1984. Defense counsel was informed of the case's trial setting of April 2 on March 13, 1984. Although defense counsel formally requested discovery through a motion to the court on March 27, 1984, defense counsel informed the court on March 30, 1984 that this motion was moot due to KOB's promise to make Pham's videotaped report available to defense counsel.

Defense counsel then filed a motion on April 10, 1984, to compel Pham to make a statement. After a hearing in front of the trial judge on April 11, 1984, the court refused to order a deposition of Pham but stated that defense counsel should be allowed to interview her as soon as possible.

It was not until April 16, 1984 that defense counsel filed a motion to take Pham's deposition. The original trial was set for April 17, 1984, but was rescheduled for

April 23, when defendant failed to appear for the first trial. Although the judge never ordered the deposition of Pham, the court allowed a deposition of Pham to be scheduled between the discovery hearing on April 20, 1984 and the first day of trial April 23, 1984.

A deposition of Pham was scheduled the afternoon of Friday, April 20. Defense counsel failed to appear. When counsel for the respective parties attempted to reschedule for the 21st, defense counsel stated that they were not interested in deposing Pham that weekend. The court ordered Pham to appear at the trial on April 24, 1984. Defense counsel did not call her as a witness at anytime during the trial.

The above facts indicate defendant's claim of error is without merit. Formal discovery was not requested until April 10 and the motion for Pham's deposition was not made until April 16. The case was to go to trial in April. Defense counsel was appointed on March 1.

The trial judge voiced a concern about the six-month speedy trial rule when he ruled against a continuance. Defendant was indicted October 18, 1983 and the six-month period would have lapsed on April 18, 1984. The judge properly acted within his discretion in denying the continuance. *State v. Pruett; see also State v. Perez*, 95 N.M. 262, 620 P.2d 1287 (1980). Defendant has failed to show that the continuance prejudiced his defense. He failed to take advantage of the trial judge's willingness to expedite the case (all pre-trial hearings were held within twenty-four hours of their request), and defense counsel decided not to proceed with Pham's deposition a few days before trial or call Pham as a witness at trial. Defendant failed to pursue the avenues of discovery that were offered by the judge and other counsel in the case, or to show the existence of further information beneficial to the defense. We will not speculate as to prejudice to the defendant concerning information from Pham which was not elicited during her interview and not pursued by defense counsel a few days prior to trial.

*Documents & Notes*

Defendant also argues that he was prejudiced due to the court's refusal to grant a continuance because he was unable to pursue finding out if Pham had notes from her interview with the victim. Defendant's argument is without merit.

 Documents in the hands of third parties, which are material and relevant to the case, may be inspected. *State ex rel. DeConcini v. Superior Court, Pima County.* However, discovery is allowed in a criminal case "after request" by a party. Crim.P.R. 29(a). Defendant could have served a subpoena duces tecum on Pham to force disclosure of all documents material and relevant to the case. A subpoena duces tecum must be obeyed if it is shown that the documentary evidence is relevant. C. Torcia, *Wharton's Criminal Procedure*, § 382 (12th ed.1975).

Pham was served with three subpoenas:
1) Subpoena duces tecum for March 30th hearing, served March 29, 1984.
2) Subpoena for April 11 hearing, served April 11, 1984.
3) Subpoena duces tecum for April 16th trial, served April 13, 1984.

 Without deciding if any of these subpoenas were properly served, the record indicates that defense counsel failed to fully utilize a subpoena duces tecum of Pham.

The March 29th subpoena was declared moot by defense counsel at the March 30th hearing. The hearing was discontinued due to defense counsel's acknowledgement that KOB's agreement to disclose the videotaped news report was sufficient for their discovery demands at the time.

The April 11th subpoena was not a subpoena duces tecum. Defense counsel merely wanted Pham to attend the April 11th hearing concerning defendant's discovery motions. KOB argued that this subpoena was not properly served. The court did not rule on this issue and it was not contested by defense counsel.

The April 13th subpoena duces tecum was served to compel Pham's appearance

at the April 16th trial. The trial was continued to April 23rd because the defendant failed to appear. On April 20, the trial judge ordered that all motions filed before April 17 were now moot due to defendant's failure to appear at trial.

We do not need to decide if the judge's order concerning all motions prior to April 10th affected the validity of the April 13th subpoena. Pham was available as a witness on April 24, during trial. Defense counsel chose not to call her as a witness and question her about notes from the victim's interview. Defense counsel also forfeited the opportunity to enforce a valid subpoena duces tecum of Pham during trial by not calling her to testify. Disclosure of prior statements by witness in criminal cases has only been compelled when witnesses are called to testify at trial. *State v. Vigil*, 87 N.M. 345, 533 P.2d 578 (1975) (defendant entitled to order directing the prosecutor to produce a statement made by a witness to the grand jury, when the witness is called to testify at trial).

The judge's refusal to order a continuance was within his discretionary power. Defendant has made no showing that this was an abuse of discretion or prejudicial to his defense.

## II. PRIOR CRIMINAL CONVICTIONS

Defendant argues that the trial court abused its discretion when it prevented defense counsel from questioning the victim at trial about her prior criminal record.

At a motion in limine hearing about the propriety of cross-examining the victim about her prior criminal convictions, the victim testified about her criminal record. Her convictions included:

1) *July 1, 1981:* DWI; Reckless driving; Allowing herself to be served alcohol as a minor ($200 fine, DWI school).

2) *December 18, 1981:* Allowing herself to be served alcohol as a minor (10-day incarceration).

3) *January 18, 1982:* Allowing herself to be served alcohol as a minor ($10 fine, 30-day incarceration).

NMSA 1978, Evid.Rule 609 (Repl.Pamp. 1983), enunciates the rule applied to the admissability of prior criminal convictions.

(a) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted * * * only if the crime (1) was punishable by death or imprisonment in excess of one year * * * and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Evidence Rule 609(a)(1) does not apply. None of the victim's three convictions were punishable by death or imprisonment in excess of one year. Section (c), juvenile adjudications, also is not applicable. The victim testified at the motion in limine hearing that all of the offenses occurred after she had turned eighteen years old.

Defendant relies on Rule 609(a)(2) and argues that the three convictions were crimes involving dishonesty or false statement. He argues that either verbally or non-verbally, the witness asserted to another that she was above the legal drinking age and this is why she was served alcohol as a minor.

First, we must determine the meaning of "dishonesty or false statement" within the context of Rule 609(a)(2). The appellate courts in New Mexico have not fully defined the term or discussed the problem of how narrowly or broadly it will be used in particular cases.

In *State v. Melendrez*, 91 N.M. 259, 261, 572 P.2d 1267 (Ct.App.1977), the court defined *crimen falsi* [1] as "[a] crime less than [a] felony that by its nature tends to cast

---

1. Crimes in the nature of perjury, false statement, criminal fraud, embezzlement, and false pretense which involve some element of deceitfulness, untruthfullness, or falsification bearing on the witness' propensity to testify truthfully. H. Black, *Black's Law Dictionary*, 335 (5th ed. 1979).

doubt on the veracity of one who commits it." *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976). Prior misdemeanor convictions, not bearing on the witness' veracity, are irrelevant to a witness' credibility. *Id.* Also, it should be noted that erroneously admitting such evidence is reversible error. Judges must carefully rule on evidence to be admitted under Rule 609(a)(2) because an admonition of improperly admitted 609(a)(2) evidence cannot rectify the prejudices created in the minds of jurors. *Id.*

Examples of *crimen falsi* are acts of deceit, fraud, cheating, or stealing. *State v. Melendrez; State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). The Report of the Senate Committee on the Judiciary about federal evidence rule 609 (identical to the New Mexico rule) stated that:

> [b]y that phrase [offense of false statement or dishonesty], the committee means crimes such as perjury * * * false statement, criminal fraud, embezzlement or false pretenses, or any other offense in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify truthfully.

Federal case law embodies a comprehensive discussion of Rule 609(a)(2). The pivotal issue in the present case is whether the victim's three criminal convictions involved crimes of dishonesty and false statement. Two approaches have been developed. First, an offense fits this definition if dishonesty or false statement is an element of the crime. *United States v. Lewis*, 626 F.2d 940 (D.C.Cir.1980). In the alternative, an offense meets the requirements of Rule 690(a)(2) if it is committed by fraudulent or deceitful means. *United States v. Grandmont*, 680 F.2d 867 (1st Cir.1982).

▇ In the present case, we do not need to adopt either approach. Defendant failed to offer to the district judge copies of the statutes or Artesia city ordinances which were the basis of the three convictions and also did not offer evidence that the means of committing the offenses were dishonest or false. Without this tender before the trial court, the district judge could not have used either method of applying Rule 609(a)(2). *See State v. Shafer*, 102 N.M. 629, 698 P.2d 902 (Ct.App.), *cert. denied*, 102 N.M. 613, 698 P.2d 886 (1985) (judicial notice of a law which is incomplete or confusing is properly refused). Defense counsel is under the obligation to make an offer of proof in cases where the judge rules to exclude evidence. NMSA 1978, Evid.R. 103(a)(2) (Repl.Pamp.1983). When error is based on the improper exclusion of evidence, an offer of proof is essential to preserve the error for appeal. *Williams v. Yellow Checker Cab Co.*, 77 N.M. 747, 427 P.2d 261 (1967).

However, we do agree that " '[d]ishonesty or false statement,' was clearly intended by Congress 'to denote a fairly narrow subset of criminal activity.' " *United States v. Fearwell*, 595 F.2d 771, 775 (D.C. Cir.1978). In addition, the unlawful possession or use of alcohol or drugs has been explicitly excluded from Rule 609(a)(2) classification by several federal and state courts.[2] *United States v. Lewis; United States v. Millings*, 535 F.2d 121 (D.C.Cir. 1976); *Otto v. State*, 398 N.E.2d 716 (Ind. App.1980); *State v. Woolridge*, 224 Kan. 480, 580 P.2d 1350 (1978).

The trial court did not err in refusing to allow defendant to impeach the victim concerning the three convictions proffered.

Defendant's convictions are affirmed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.

---

**2.** NMSA 1978, Section 60–7B–1(B) (Repl.Pamp. 1981), provides that "[i]t is a violation of the Liquor Control Act for any minor to ... be served with any alcoholic beverages" without any requirement that the minor act dishonestly to make false statement.