[No. 790.    August 28, 1899.]

TERRITORY OF NEW MEXICO, Appellee, v. GERONIMO PINO, Appellant.

SYLLABUS BY THE COURT.

CRIMINAL LAW—CONFLICT OF EVIDENCE—VERDICT—CONCLUSIVENESS—PROSECUTRIX—IMPEACHMENT OF CHARACTER FOR CHASTITY—EVIDENCE REQUIRED—INSTRUCTION—REFUSAL—ERROR.—1. In a criminal case, where there is neither an absence of competent evidence against the accused nor a decided preponderance in his favor, and there is a direct conflict in the testimony, the jury's verdict is a conclusive adjudication of the facts of the case.

2. The character of the prosecutrix for chastity may be impeached only by general evidence of her reputation, and not by evidence of particular instances of unchastity.

3. The refusal of the court to give an instruction properly requested by defendant which is a correct statement of the law applicable to the facts in the case and consistent with a reasonable theory other than that of defendant's guilt, and not covered by any other instruction which was given by the court is reversible error.

*Appeal,* from a judgment of the Fifth Judicial District Court, Socorro county, convicting defendant of rape. Reversed and remanded.

The facts are stated in the opinion of the court.

A. A. FREEMAN for appellant.

An appeal brings up for review the entire cause, both as to the law and the facts in the case. Wiscart v. Dauchy, 3 Dall. 326; Crooly v. O'Brien, 24 Ind. 325; Wiles v. Railroad, 24 N. Y. 443; Owen v. State, 35 Tex. 361; Williams v. Townsend, 15 Kan. 429; Martin v. Martin, 45 Pac. Rep. 813; Lee v. State, 71 Ga. 260; Hammond v. Wadhaus, 5 Mass. 354; Bronson v. Caruthers, 49 Cal. 331; Kinne v. Kinne, 9 Conn. 105; Armstrong v. State, 17 L. R. A.; Guerno v. Ballerno, 48 Cal. 121; Spohn v. Railroad, 87 Mo. 84; Newsome v. Lycan, 3 J. J. Mar. (Ky.) 440; Collins v. Railroad, 12 Barb. 492; New Orleans Railway Co. v. Statham, 97 Am. Dec. 493; Gatling v. Wilcox, 26 Ark. 314; Badeen v. Baca, 2 N. M. 196; McCarroll v. Stafford, 24 Ark. 228; Hall v. Page, 443; Shephard v. Burkhalter, 13 Ga. 445; Lee v. State, 71 Ga. 260; Kerr v. People, 110 Ill. 627; Graham v. People, 115 Id. 566; McDaniel v. State, 53 Ga. 215; Earp v. State, 50 Id. 514; Gifford v. People, 87 Ill. 213; Territory v. Adolphson, 5 Pac. Rep. (Mon.) 256.

In determining the weight of testimony, this court will not be controlled by either the number of witnesses or the positiveness with which they swear, but will exercise the right to inquire into the probable truth of the testimony. Mayne on New Trials, sec. 226, p. 367; Landsman v. Thompson, 22 Pac. Rep. 1150; Baker v. Insurance Co., 21 Pac. Rep. 357;

People v. Ardage, 51 Cal. 371; State v. Scholl, 32 S. W. Rep. 968; Hall v. Page, 4 Ga. 443; Shepard v. Berkhalter, 13 Id. 443.

We have a statute which requires this court to look into the entire record, "and on the facts thereon contained alone" to reverse or affirm the judgment. No case can be found in this territory in which this court has declined to reverse on the ground that it did not possess the jurisdiction. Territory v. Yarberry, 2 N. M. 257; Hicks v. Territory, 6 Id. 596; Territory v. Webb, 2 Id. 157; Territory v. Williams, 54 Pac. Rep. 232; Faulkner v. Territory, 6 N. M. 490.

The testimony in this case shows, if it shows anything, that the defendant did not commit the offense with which he was charged, but that he committed an assault on the prosecutrix. Hardtke v. State, 67 Wis. 552.

EDWARD L. BARTLETT, solicitor-general, for the territory.

No objections or exceptions appear in the record to the giving of the instructions numbered from 1 to 10, and, under the law and decisions of this court, none of such instructions can be charged as erroneous or considered in this court. Comp. Laws 1897, secs. 3139, 3145; Thompson v. Ditch & Reservoir Co., 53 Pac. Rep. 507; Hanna v. Mass., 122 U. S. 26; Padilla v. Territory, 8 N. M. 562; Territory v. Rudabaugh, 2 Id. 222; Clune v. United States, 159 U. S. 594.

It was exclusively for the jury to judge from all the facts and circumstances the interest that the witnesses had in the result, and the weight to be given to their evidence. Territory v. Edie, 6 N. M. 565; People v. Ah Loy, 10 Cal. 301; State v. Hert, 89 Mo. 591; Bailey v. Commonwealth, 82 Va. 107.

CRUMPACKER, J.—Geronimo Pino was indicted for rape. The indictment charged that the defendant on the thirtieth day of August, 1893, ravished one Andrea Cordova. The defendant was found guilty. Motions for a new trial

and in arrest of judgment being overruled, the case is brought into this court on appeal.

It is contended by the appellant that the evidence is insufficient to support the verdict of the jury, and that for this reason this court should reverse the judgment. To do so, we must decide either that there is an absence of competent evidence against the accused, or a decided preponderance in his favor. Territory v. Edie, 6 N. M. 555. And in view of all the evidence in the case, the positive direct testimony of the plaintiff that she was ravished as charged in the indictment and of facts and testimony tending to corroborate her, and of the equally positive testimony of the defendant, and testimony tending to corroborate him that he was elsewhere at the time the offense is alleged to have been committed, neither of which state of facts involve either an absurdity of reasoning or an impossibility growing out of the very nature of things, we can arrive at no other conclusion than that in such a case the jury's verdict is a conclusive adjudication of the facts of the case, which neither the district nor this court should disturb. The point is made by appellant that the court below erred in not permitting proof of particular instances of unchastity of the prosecutrix to go to the jury. But the character of the prosecutrix for chastity may be impeached only by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Greenleaf Ev., sec. 214, and cases cited. And a review of the testimony in this particular shows, if anything, that the court in this case expended the rule by admitting improper testimony in defendant's behalf. The appellant contends that the instructions as given by the court tended to mislead the jury and that the court below erred in not granting a new trial. The appellee insists that these instructions can not be charged as erroneous or considered by this court for the reason that it does not appear from the record that exception to the decision of the

*Margin notes:*

CRIMINAL law: conflict of evidence: verdict: conclusiveness.

PROSECUTRIX: impeachment of character for chastity: evidence required.

court in giving these instructions was taken at the time of such decision, as required by section 3145, Compiled Laws 1897. But waiving the force of this objection, we have looked carefully enough into the instructions so given to find no error. The only particular instruction pointed out as prejudicial to the rights of the appellant is as follows:

"No. 11. You may consider, gentlemen, all that the prosecuting witness said immediately after the commission of the alleged crime, as to whether she complained of the rape, or of an assault. You may consider this a circumstance affecting the question as to whether the defendant is guilty."

It is argued that because the testimony contains no evidence whatever that the prosecutrix said anything immediately after the commission of the alleged crime complaining of a rape, it was misleading to tell the jury that they might consider as a circumstance affecting the question of the defendant's guilt what she said immediately after concerning an assault. But we understand this to mean that the jury might in considering these circumstances give less credence to her story if they believed that she then complained merely of an assault instead of a rape; and we think the jury so understood it. That it was not misleading is made apparent by the

INSTRUCTION: refusal: error.

next preceding instruction, in which the jury were told that although they may believe that the defendant assaulted the prosecutrix, yet they must find him not guilty unless they believe beyond a reasonable doubt that defendant had carnal intercourse with the prosecutrix. The appellant further insists that the court below erred in failing to give to the jury as part of the charge, certain instructions asked for by the defendant. Of these instructions we find only one to which we deem it necessary to give our attention, as follows:

"If you find that the prosecuting witness made no complaint of a rape immediately after the alleged crime, or as soon as her friends came, then this is a circumstance which you ought to consider." And to the action of the court in refusing this instruction the defendant at the time excepted.

The appellee contends that this instruction was substantially covered by the instruction numbered 11, above quoted. We do not so conclude. The given instruction had reference alone to the effect of all the prosecuting witness said immediately after the commission of the alleged offense, while the refused instruction has reference to the effect of her silence at that time on a particular point; nor do we find any other instruction in the charge covering the one refused. On the subject of rape Greenleaf says, section 212: "It is to be remembered, as has justly been observed by Lord Hale, that it is an accusation easily made, hard to be proved and still harder to be defended, by one ever so innocent, and that the credibility of the prosecutrix must be left to the jury upon the circumstances of the case which concur with her testimony; as for example, whether she is a person of good fame; whether she made complaint of the injury as soon as was practicable, or without any inconsistent delay  *   *   *· that these circumstances and the like will proportionately diminish the credit to be given her testimony by the jury." In our opinion the appellant was entitled to have this instruction given to the jury; its importance was exceeding, its bearing on a material fact in the case and its refusal prejudicial to the defendant. The rule as laid down by this court in a long line of decisions is that the general charge of the court must present the case fairly to the jury. Territory v. O'Donnell, 4 N. M. 210; U. S. v. Amador, 6 N. M. 178; Territory v. Trujillo, 7 N. M. 43. And while we are not here called upon to decide that the court's failure to incorporate into the general charge the proposition of law embodied in the refused instruction was reversible error, still we do decide that the defendant having requested an instruction which was a correct statement of the law applicable to the facts adduced in the case, consistent with a reasonable theory other than that of defendant's guilt and not covered by any other instruction which was given by the court, the refusal of the court to give this instruction was material error; and, as said by this court in Territory v. Padilla, 8 N. M. 518, "the decision of the court in holding that where

the general charge substantially covers what is requested, there is no error in refusing to give what is requested, must by inference be considered as recognizng this rule."

The judgment below will be reversed and the cause re-manded with instructions to grant a new trial, and to proceed in accordance with this opinion.

Mills, C. J., Parker and McFie., JJ., concur; Leland, J., not sitting.

### SYLLABUS BY THE COURT.