20 P.(2d) 934

## STATE v. ULMER.

### No. 3810.

Supreme Court of New Mexico.

March 20, 1933.

W. A. Sutherland, of Las Cruces, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, Chief Justice.

Appeal from a conviction and sentence for assault with intent to commit rape.

By the indictment it was charged that appellant "unlawfully and feloniously did assault one Ethel Lee Burns a female with intent to commit the crime of rape upon her, the said Ethel Lee Burns."

The evidence on both sides shows that appellant and the prosecutrix spent some two or three hours of the night in an automobile.

According to the prosecutrix' testimony, the whole time was spent by her in resisting appellant's more or less violent efforts and in frustrating his intent to accomplish his purpose by force and against her will. According to appellant, the time was spent in amorous passages in which the prosecutrix willingly participated, and in solicitation on his part, the prosecutrix never definitely refusing and, after wavering, finally yielding consent just as interruption came. Such was the issue of fact.

By cross-examination admissions were sought from the prosecutrix of previous instances of lewd acts and conversations with one Kelly; also of lewd conduct and conversation with appellant and one Smith, two or three days before the alleged crime. On that occasion Smith had introduced appellant to the prosecutrix, the three had sat together for some time in a one-seated car, and prosecutrix had engaged to go with appellant, as she did go, on the night of the alleged crime. She denied all that was implied in these questions. Without going into detail, it seems sufficient to say that if she had admitted these implications her character for chastity would have been badly smirched, and it would have been very difficult to believe the prosecutrix' account, and very easy to have believed appellant's version, of the facts.

■ The witness Kelly being on the stand for the defense, counsel offered to prove the instances of lewdness to which he had called attention in cross-examination. The state objected to the offer "as being incompetent, irrelevant and immaterial, and for the fur-ther reason it is attempted to impeach the prosecutrix upon collateral and immaterial matters by extrinsic evidence other than that given by the witness herself." The court ruled: "Acting under authority of State v. Clevenger, 27 N. M. 466, 202 P. 687, and other New Mexico decisions by the Supreme Court, the objection will be sustained."

We cannot sustain the objection nor the ground on which the ruling was based. State v. Clevenger, supra, is not in point in this case. There the error lay in permitting the state to impeach a witness on a collateral matter. Whether the then witness had misconducted herself on particular occasions had no bearing on the guilt or innocence of the accused. It was pure matter of impeachment. Here, to have permitted the tendered proof would have impeached the prosecutrix, it is true; but not upon a collateral matter. Her alleged bad character for chastity was a proper and material issue. See State v. Newman, 29 N. M. 106, 219 P. 794, where we held that a witness' bias or interest is not collateral, and that he may be impeached regarding it.

■ Nevertheless, we consider the refusal of this offer to have been proper. The authorities generally admit that, in rape, the bad character of the prosecutrix for chastity is relevant to the question of consent. Yet, for reasons which do not entirely satisfy Dean Wigmore, the majority of courts follow some rule of exclusion or limitation of such proof. 1 Wigmore on Evidence, § 200. In this jurisdiction, proof of specific acts of unchastity is excluded. Territory v. Pino, 9 N. M. 598, 58 P. 393. Dean Wigmore says in the same

section of his work: "In actions for *indecent assault*, it would seem that the same principles apply; and the same attitudes would be taken upon this as upon rape." We have found no authority for applying a different rule in the one case than in the other.

■■ Kelly being still in the witness chair, counsel offered to prove by Smith, above mentioned, the lewd acts and conversation of the prosecutrix with appellant. The state objected as before and added, "and thirdly for the reason it is an attempt to prove general reputation by specific acts." The court ruled: "The objection will be sustained under the same authority, State v. Clevenger."

Appellant himself being on the stand, his counsel offered the same evidence, was met with the same objection, and the court ruled: "Objection will be sustained for the same reasons heretofore stated as to the testimony tendered with reference to Arnold Kelly and Jim Smith."

The two rulings last mentioned we consider erroneous and, being so, clearly prejudicial. Even in those jurisdictions where, as here, the prosecutrix' bad character for chastity may not be shown by specific acts, the rule of exclusion does not extend to acts of lewdness with the accused. 52 C. J. 1082; 11 Ann. Cas. 672, note; 22 R. C. L. 1210. In a case of this kind, where the intent is the gist of the offense, the distinction is of greater importance. It must be permitted the accused to show his previous relations with the prosecutrix, including acts of lewdness, in support of his contention that he had reason to believe that his advances would not be objectionable

to her. 22 R. C. L. 1208; Kearse v. State (Tex. Cr. App.) 88 S. W. 363; Bannen v. State, 115 Wis. 317, 330, 91 N. W. 107, 965. The importance of such evidence is illustrated in Moore v. State, 79 Wis. 546, 48 N. W. 653, distinguished in Taylor v. State, 180 Wis. 577, 193 N. W. 353.

■ The state here contends that the unchaste character of the prosecutrix, her consent, and whether appellant intended to employ the force necessary to overcome her resistance if any, were all immaterial matters, since the prosecutrix was under the statutory age of consent.

It was shown by the state that the prosecutrix was fifteen years of age at the time in question. We do not see how that fact can affect the case. It was not mentioned in the indictment nor in the instructions. It was not reflected in the objections nor in the rulings. The theory of the prosecution and of the conviction was that appellant made the assault intending to overcome all resistance by adequate force. The theory cannot be changed here.

■ The state also invokes the rule that if a single tender includes objectionable as well as unobjectionable matter, it will not be error to reject it as a whole. This is based on the fact that, according to the offers, the prosecutrix had told appellant and Smith that she was seventeen years old. The state had already shown that she was fifteen years old.

Assuming, though not deciding, the inadmissibility of the last-mentioned fact, we do not consider that the ruling, in so important

a matter, should be upheld on that technical defect in the offer. The court did not rule generally. He stated the ground for it. The reason did not apply to the prosecutrix' age, or what statements she had made concerning it. That matter was apparently ignored. In State v. Davis, 30 N. M. 395, 234 P. 311, we declined to consider the technical sufficiency of an offer, which all counsel and the court had assumed to be sufficient, and upon which the court had clearly and definitely ruled. The second offer was doubtless defective in that Smith was not on the stand when it was made. That point is not here relied upon.

Other questions raised by appellant need not be decided.

The judgment will be reversed. The cause will be remanded for new trial. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.