261 P.2d 441

**GARDUNO v. PUEBLO DE NAMBE.**

No. 5667.

Supreme Court of New Mexico.

Sept. 22, 1953.

Henry J. Hughes, Santa Fe, for appellant.

Seth & Montgomery, Wm. R. Federici, Santa Fe, for appellees.

SEYMOUR, Justice.

This was an action brought by certain individual owners of private claims lying within the Nambe Pueblo Grant against Pueblo de Nambe, seeking an injunction to prevent the closing by the Pueblo of a certain road from Pojoaque to the houses and lands of plaintiffs.

Petition alleged the existence of the road for more than forty years, and based the claim to right of use upon the decree of the United States District Court for the District of New Mexico in United States of America, as Guardian of the Indians of the Pueblo of Nambe v. David Herrera, et al., defendants. This was a suit to quiet title

prosecuted pursuant to Act of June 7, 1924, 43 Stat. 636, 25 U.S.C.A. § 331 note, entitled, "An Act To quiet the title to lands within Pueblo Indian land grants, and for other purposes." Final decree was filed therein May 25, 1929, quieting the title of the Pueblo except as to certain privately owned tracts belonging to plaintiffs' predecessors in title, said decree carrying the further provision:

"'* * * Provided, however, that said defendants shall be permanently entitled to the use of the roads upon said Grant, existing at the date of this decree, which give access to the accepted parcels above designated, * * *'"

The Pueblo answered with a denial and an assertion of eight affirmative defenses.

Trial concluded with the issuance of an order permanently granting to plaintiffs the use of the road in question and permanently enjoining the Pueblo from closing the road and from in any way interfering with plaintiffs' use.

The seventh and eighth findings of fact of the trial court read as follows:

"7. That the road in question as it presently exists; and as it existed prior to the time of the entry of the decree by the United States District Court for the District of New Mexico in Cause No. 1720 in equity, extends from a point where the road in question joins the main road from Pojoaque to Nambe being a point on the West boundary of the Nambe Pueblo Grant, and then running easterly along near the Southern boundaries of Private Claim 79, Parcel No. 1; Private Claim No. 80, Parcel No. 1 and Private Claim No. 89, Parcel No. 3 and then into Private Claim No. 12, Parcel No. 5.

"8. That the road in question which is referred to in Finding of Fact No. 7 herein was in existence on May 25, 1929 when the final decree was entered in that cause entitled: 'United States of America, as Guardian of the Indians of the Pueblo of Nambe in the State of New Mexico, Plaintiff v. David Herrera, et al., Defendants', being No. 1720 in equity, and is one of the roads referred to in said decree; that said road was being used by plaintiffs or their predecessors in title at the time said decree was entered, for access to the parcels of land owned by plaintiffs."

The facts so found are the foundation of appellees' position, and are supported by the evidence, as are the other findings of fact of the trial court.

Appellant's basic attack is upon the jurisdiction of the state court to act in this matter. Point 1 of its brief reads:

"The State Courts of New Mexico Lack Jurisdiction Over Indian Lands Except by Consent"

Subparagraphs under this point assert: (a) that the Enabling Act and Constitution of New Mexico preclude state jurisdiction; (b) insufficiency of service by reason of service on Indian lands; (c) continuing jurisdiction in the federal court under the original federal equity quiet title suit; (d) omission of the United States of America as an indispensable party; (e) Indians' immunity to civil suits; and (f) inability to enforce ·decree.

These are all questions of importance, but our Court heretofore has decided the controlling questions in the case of Martinez v. Martinez, 1945, 49 N.M. 83, 157 P. 2d 484, opinion by Justice Brice. No reason appears for changing the conclusions there reached nor for repeating them here.

■ As to the insufficiency of service, the question no longer exists by reason of the answer of the Pueblo and its general appearance in and litigation of the controversy.

■ As to the United States, it is not asserted that the decree of the trial court will be binding.

Appellant's Point 2 asserts that appellees could not acquire any rights by prescription. Appellees neither asserted, nor have they been given, any such rights.

■ Point 3 asserts that this is a class action and that appellees have failed to sustain their case as such. Assuming the validity of this contention, it can serve only to limit the effectiveness of the decree of the trial court to the individual plaintiffs named therein. Moore's Federal Practice, 2d Ed., Vol. 3, p. 3472, par. 23.11.

The judgment of the trial court is affirmed.

It is so ordered.

SADLER, C. J., and McGHEE, COMPTON and LUJAN, JJ., concur.