728 P.2d 1366

Freddie SANCHEZ, Plaintiff-Appellant,

v.

NATIONAL ELECTRIC SUPPLY CO., Employer, and State Farm Insurance Co., Insurer, Defendants-Appellees.

No. 9315.

Court of Appeals of New Mexico.

Oct. 30, 1986.

Roger V. Eaton, Messersmith, Eaton & Keenan, Albuquerque, for plaintiff-appellant.

Randal W. Roberts, Farlow, Simone, Roberts & Weiss, P.A., Albuquerque, for defendants-appellees.

## OPINION

BIVINS, Judge.

Having found that plaintiff suffered no disability as a result of his alleged work-related injury, and that defendants had paid all temporary compensation due, as well as medical expense, the trial court entered judgment against plaintiff. From that judgment plaintiff appeals. In his docketing statement plaintiff raised two issues. We proposed summary affirmance on both. Plaintiff's memorandum in opposition challenged summary disposition only as to the second issue: "Whether Plaintiff was prejudiced by the failure of the Defendants to provide Plaintiff's counsel with a copy of Dr. Schultz's independent medical report dated December 5, 1985, until said report came to the attention of Plaintiff's counsel at trial during the testimony of Dr. Miller." That is the sole issue on appeal. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 501(a)(2) (Cum.Supp.1985). We affirm.

During cross-examination of defendants' medical expert, Dr. Miller, plaintiff's counsel discovered in that physician's file a copy of a report from Dr. Schultz dated December 5, 1985. After asking Dr. Miller several questions about the report and concluding his cross-examination, plaintiff's counsel objected to an independent medical examination having been performed by Dr. Schultz without plaintiff being furnished a copy of the report. He also objected to being unable to conduct additional discovery based on the report. Counsel claimed prejudice by not having the report. Defense counsel's response implied that the report had not been furnished to plaintiff's counsel because defendants did not intend to call Dr. Schultz as a witness. The trial court ruled that it would not "abort this proceeding" because of the failure to obtain a copy of the report. The trial court did, however, admit the report since Dr. Miller indicated "some reliance" on it and plaintiff's counsel had had no opportunity to explore the report. The trial court noted that having the report in evidence would take care of any prejudice. Dr. Miller injected that he placed no reliance on Dr. Schultz's report and had not seen the report when he expressed his opinion. The trial court indicated that its notes reflected Dr. Miller had relied on the report. No objection was made to the admission of the report in evidence. Although plaintiff's objection asked for no specific relief, the trial court treated it as a motion for continuance and we will do likewise.

Contrary to defendants' argument, we believe the issue was properly preserved for review. Although the trial court apparently considered the question as a disclosure of a fact underlying an expert opinion, *see* NMSA 1978, Evid. Rule 705 (Repl. Pamp.1983), counsel's objection sufficiently

alerted the trial court that a claim of prejudice was being made by not having received a copy of the report and by not having had an opportunity to pursue further discovery. The trial court felt that having the report in evidence cured any possible prejudice. Although not necessary to the resolution, a review of Dr. Miller's testimony reveals that he had early testified that he "reviewed" Dr. Schultz's report, but did not say when. He later clarified that the report was received a year after his opinion had been formulated.

While we do not condone defense counsel's failure to provide opposing counsel with a copy of Dr. Schultz's report, that failure does not require reversal. Plaintiff and his attorney were aware of the independent medical examination conducted on October 25, 1985, yet never requested or demanded the results before the trial which commenced on April 3, 1986. It was only during the examination of Dr. Miller that plaintiff's counsel, while looking through the witness's file, accidentally found the report. Although NMSA 1978, Section 52–1–51(G) requires the claimant be furnished with a copy of the report, failure to comply does not automatically require a continuance. In this case, defendants' failure to provide the report is not reversible error. Error to be reversible must be prejudicial. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App.1972).

A review of the report does not suggest any prejudice to plaintiff in not having it before trial. Dr. Schultz did not recommend psychological testimony because he believed plaintiff was suffering from that problem; he recommended it in order "to see *if* we are dealing with any type of significant functional overlay." (Emphasis added.) Dr. Schultz, like other physicians who had examined plaintiff, could find no basis for his complaints. The recommendation for psychological testing, as with other recommendations made, was not suggestive of an opinion of the existence of other alternative sources for the complaints. The clear import of the letter indicates that all of the recommendations were made in an effort to try and solve an enigmatic problem: What is the basis for plaintiff's complaints? Undoubtedly, the lack of any indication of prejudice in the report prompted the trial court to admit it into evidence. Plaintiff did not object.

In answering plaintiff's claims, we note that plaintiff never requested a copy of the report; that Dr. Schultz's report was not surprise evidence offered by the defense at trial; that the record clearly shows that it was plaintiff, not the defense, who brought up the report; that Dr. Miller did not rely on the report in formulating his opinion; and that there is no indication the trial court relied on the report in deciding the issues.

Those factors, alone or cumulatively, distinguish this case from *Camp v. Bernalillo County Medical Center*, 96 N.M. 611, 633 P.2d 719 (Ct.App.1981), and other cases relied on by plaintiff. *See, e.g., Springett v. St. Louis Independent Packing Co.*, 431 S.W.2d 698 (Mo.Ct.App.1968). Moreover, the proper procedure, as reflected in several of the cases, is to refuse admission of the nondisclosed evidence. *See, e.g., Springett.* That would have been proper here, but defendants did not offer the report and had no intention of doing so. Of course, if their failure to provide a copy was intentional and willful, proper sanctions are available under the Code of Professional Conduct and under NMSA 1978, Civ.P. Rule 37 (Repl.Pamp.1980). We are not concerned here with sanctions, only with the question of whether plaintiff should have been granted a continuance.

We disagree that plaintiff was prevented from adequately preparing for trial. He and his counsel were aware of the examination in October 1985, yet took no steps to seek information as to the results either by discovery or motion, a factor considered in several of the cases cited by plaintiff. We do agree that plaintiff has a right to full access to all information regarding his medical condition. Nothing prevented plaintiff from obtaining this in the five-month span between the examination and trial.

Finally, it has long been the rule that denial of a motion for continuance is discretionary and, absent clear abuse, an appellate court will not reverse. *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982). Plaintiff argues he has no obligation to demonstrate abuse in the form of prejudice. We disagree. Given that plaintiff made no effort to obtain the report, that it was not utilized as evidence against plaintiff, and that the information contained therein was insubstantial, we are unable to say the trial court abused its discretion in denying plaintiff's request for a continuance.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.