735 P.2d 1131

R. Charles **BOMBACH**,
Plaintiff-Appellee,

v.

Jay **BATTERSHELL** and Cinema Corporation of America, Respondents-Appellants.

No. 16450.

Supreme Court of New Mexico.

April 9, 1987.

Lorenzo E. Tapia, Miguel P. Campos, Albuquerque, for respondents-appellants.

Dubois, Caffrey, Cooksey & Bischoff, P.A., John F. Caffrey, Lydia A. Mangold, Albuquerque, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

Appellee Bombach acquired ownership of a shopping center which included the

leased premises of appellants Battershell and Cinema Corporation of America (CCA). The terms of the lease agreement between Bombach and Battershell allowed either lessor Bombach or lessees Battershell and CCA to terminate the lease upon a ninety-day written notice of termination. On August 26, 1985, Bombach hand-delivered to Battershell's business premises a letter terminating the lease agreement, effective November 26, 1985. Battershell's employee received and signed for the notice.

Three days later Bombach and Battershell met to discuss the termination of the lease. Thereafter, on September 4, 1985, and October 17, 1985, Bombach wrote to Battershell confirming that he must vacate the premises within the ninety-day period as provided by the August letter.

On October 31, 1985, Battershell tendered a check in the amount of $1200 for rent for the entire month of November. Bombach, upon advice of counsel, returned the check and asked that November's rent be prorated through November 26th for a total amount due in November of $1040. When Bombach had not received a rent check in the correct amount, he again wrote Battershell on November 6th reminding Battershell that he must vacate the premises by the 26th of that month.

In the meantime, and on November 3, 1985, Bombach hand-delivered to his lessee a three-day notice to pay rent or vacate the premises. The rent was not paid; Bombach then filed a petition in municipal court against Battershell and CCA for forcible entry or detainer, alleging Battershell's failure to pay rent.

The metropolitan court entered judgment against Battershell and CCA and ordered that the premises be restored to Bombach, and that rent in the amount of $1520 be paid.

Battershell and CCA appealed the metropolitan court decision to district court, and it was affirmed. Battershell and CCA now appeal that decision, and we affirm.

## I.

Battershell and CCA challenge the metropolitan court's subject matter jurisdiction to decide the case, arguing that there were no "proper pleadings before the court on the issue to compel defendants to vacate the premises based on the lease provision which permitted Bombach to cancel Battershell's lease upon proper notice." Defendants' reliance on *Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968), for that contention is misplaced.

SCRA 1986, 3–304 [formerly NMSA 1978, Metro.R. 22] in pertinent part provides that "[u]pon request of either party, the judge may permit him to file an amended pleading * * * at any stage of the proceeding. Permission to amend a pleading shall be freely granted * * *."

■ At the conclusion of Bombach's case, he moved the court to allow amendment of his pleadings to add a count based on termination pursuant to the ninety-day notice provision in the lease. The court granted the amendment; consequently, any claim of insufficient pleadings was rectified during trial, as permitted by the rule. *Cf. Zarges v. Zarges* (court may not reopen case after final judgment when jurisdiction has been exhausted).

## II.

Defendants-appellants next raise abuse of discretion in the lower court's allowance of the amendment, but its denial of their request for a continuance. They urge that because of the amendment they were surprised and prejudiced at trial.

■ A continuance "shall be granted if necessary to avoid surprise or other prejudice to the opposing party." SCRA 1986, 3–304. Granting of a continuance, however, rests within the sound discretion of the trial court, and the denial of a continuance will be reversed only upon a showing of a clear abuse of discretion. *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates*, 99 N.M. 95, 654 P.2d 548 (1982).

■ Bombach's original suit for eviction was based on nonpayment of rent; and the second cause of action, allowed by the amendment, was for termination of tenancy as provided in the ninety-day notice pro-

vision of the lease. Eight days before trial on the eviction matter, the ninety-day period after notice to terminate had expired. The operative facts of both causes of action had ripened by the time of trial. Indeed, Exhibit A to Battershell's and CCA's answer was a copy of Bombach's October 31st letter which made reference to the August 26th letter in which the ninety-day termination notice had first been given.

Although Battershell and CCA make the claim that they were surprised by the amendment, the pleadings and the facts adduced at trial justifiably permitted the court to reject that claim. Defendants were on notice that the lease, under the ninety-day termination provisions of the lease, had terminated during the week preceding trial. Under either a judgment of eviction or termination by compliance with the notice requirements of the lease, defendants knew they were not entitled to possession of the premises. The denial of the continuance, therefore, was not a clear abuse of discretion. *See Albuquerque Nat'l Bank v. Albuquerque Ranch Estates.*

### III.

Defendants urge also that the summons form with which they were served, and the method of service, were insufficient to give them fair notice of the lawsuit against them.

Bombach used a preprinted metropolitan court summons form entitled "Summons and Notice of Trial and Petition for Writ of Restitution." Beneath the title appear, parenthetically, the words "Uniform Owner-Resident Relations Act." Defendants contend that because the summons which was issued contained the words "Uniform Owner-Resident Relations Act," they were deceived and misled regarding what they were supposed to defend against. According to the return of service, the summons was served "with a copy of the Petition attached."

The summons informed Battershell and CCA when and where to appear, and to show cause why a Writ of Restitution for the identified real property should not be

granted. The petition attached not only informed Battershell and CCA that Bombach was seeking the return of the leased premises, but was apparently of sufficient clarity to allow the appellants to formulate and file an answer.

■ It is a long-standing policy in New Mexico that the rights of the litigants should be determined on the merits of the case rather than upon technicalities of procedure and form. *Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct. App.1981). Accordingly, we are satisfied that the summons form which Bombach used, together with the petition served, were sufficient to notify Battershell and CCA of the time, place, date of hearing and the opportunity to answer, as well as of the claim made against them. *See Tremps v. Ascot Oils, Inc.,* 561 F.2d 41 (7th Cir.1977).

Defendants next argue that the manner in which Bombach delivered the initial notice of termination was insufficient, under the terms of the lease agreement, to effectuate satisfactory notice.

The portion of the lease relied on provides:

Any and all notices required or permitted to be given hereunder shall be considered to have been given if in writing and delivered to the respective party designated below upon the date of such personal delivery * * * [Notice shall be] addressed to the respective party at the respective address set forth below, or at such other address as either party may furnish the other for this purpose by written notification.

■ The only address listed for Bombach's lessee was that of the leased premises. Bombach hand-delivered the notice to defendants' place of business and left if with an employee. If delivery by a mailman of a notice, "addressed to the respective party at the respective address," would have been sufficient compliance—and the lease terms do not provide otherwise—then the delivery accomplished by Bombach was sufficient. Moreover, there is evidence in the record to support the trial court's conclusion that Battershell and CCA actually

**628**

received the notice. The purpose of the notice provision in the lease agreement was fulfilled, and service thereof was sufficient. *See Albuquerque Nat'l Bank v. Albuquerque Ranch Estates.*

The trial court's ruling is further buttressed by the fact that Battershell and CCA appeared, requested affirmative relief from the court by way of a counterclaim, and actively participated in the trial. *See Cline v. City of Boulder,* 168 Colo. 112, 450 P.2d 335 (1969). It is a somewhat ludicrous assertion to make, when one files an answer and counterclaim, and appears for hearing, that he has not been properly served. Any defect in service was waived. *See Garduno v. Pueblo De Nambe,* 57 N.M. 598, 261 P.2d 441 (1953).

### IV.

Appellants' contention that if the notice of termination was valid, the lease converted to a month-to-month tenancy requiring additional notice of termination, is specious. While we feel compelled to address this issue because it was raised on appeal, a lengthy discussion is not warranted.

■ Paragraph XIV of the lease expressly provides that "after the *expiration* of the lease" any holding over by the lessee converts the lease into a month-to-month tenancy. Because the lease would not expire until June 30, 1987, it is impossible to contend seriously that there was any holding over or that the terms of the lease could create a tenancy from month-to-month prior to the date of expiration.

### V.

Finally, we are asked to declare that there is not substantial evidence to support the trial court's judgment. Appellants premise their argument on conflicting testimony of the witnesses at trial—a shaky foundation, at best.

The trial court, as the trier of fact, is entitled to weigh the evidence, determine the credibility of witnesses, and reconcile contradictory testimony. *Lewis v. Bloom,* 96 N.M. 63, 628 P.2d 308 (1981). An appellate court, absent manifest error, will not disturb the trier of fact's resolution of conflicting evidence. *See Roybal v. Morris,* 100 N.M. 305, 311, 669 P.2d 1100, 1106 (Ct.App.1983). This record contains substantial evidence to support the district court's decision. Accordingly, the judgment is AFFIRMED.

SOSA, Senior J., and RANSOM, J., concur.