828 P.2d 975

**Mark BLACKER, Plaintiff–Appellee,**

v.

**U–HAUL COMPANY OF NEW MEXICO, INC., a New Mexico corporation, Defendant–Appellant.**

**No. 12563.**

Court of Appeals of New Mexico.

Jan. 8, 1992.

Certiorari Denied March 10, 1992.

Steven M. Williams, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendant-appellant.

Jeffrey L. Baker, Paul M. Schneider, Jeffrey L. Baker & Associates, Albuquerque, for plaintiff-appellee.

## OPINION

APODACA, Judge.

U–Haul Company of New Mexico (defendant) appeals a judgment after a jury verdict in favor of Mark Blacker (plaintiff) for damages incurred as a result of personal injuries sustained in a motor vehicle accident. Defendant raises three issues on appeal: whether the trial court (1) denied defendant a fair trial in not granting a continuance to allow defendant to depose certain witnesses; (2) abused its discretion in refusing to admit plaintiff's workers' compensation complaint into evidence; and (3) erred in giving a non-Uniform Jury Instruction. We hold that: (1) defendant was not denied a fair trial by the trial court's refusal to grant a continuance; (2) the trial court properly exercised its discretion in refusing to admit plaintiff's workers' compensation complaint; and (3) defendant failed to preserve its claim of error with respect to the giving of the instruction. We therefore affirm the trial court's judgment.

## FACTS

At trial, plaintiff claimed that he had a closed-head injury that caused, among other problems, memory and cognitive difficulties, psychiatric problems, and lost earnings. In plaintiff's responses to defendant's pre-trial interrogatories, he disclosed that he had previously injured his back while working for a plumber and had filed a workers' compensation claim for the injury. He stated that he had been treated by Edward Childers, D.O., and Dr. Barry Marron, an orthopedist. He also disclosed that about eighteen years before trial, he had nearly drowned and, for a short time afterward, had experienced stuttering and cognitive problems. Three days before trial, defendant obtained a copy of a deposition given in plaintiff's workers' compensation case, which indicated that at that time, plaintiff had been treated by or referred to three other doctors, Drs. Katz, Diskant, and Schneider.

At trial, defendant requested a continuance to depose Dr. Katz, a psychologist. The trial court denied the continuance, instead suggesting that defendant could depose Dr. Katz during trial. Defendant did not take the deposition during trial and did not inform the trial court that it had been unable to do so.

Defendant also offered as a trial exhibit a copy of plaintiff's workers' compensation complaint, which alleged total permanent disability, to impeach plaintiff's testimony that he had no physical or psychiatric disability before the accident and generally to impeach plaintiff's credibility, to the extent plaintiff claimed all of his disability was due to this accident. The trial court denied admission of this exhibit.

The trial court gave a non-Uniform Jury Instruction drawn from our supreme court's discussion in *McGinnis v. Honeywell, Inc.,* 110 N.M. 1, 791 P.2d 452 (1990), a decision that had appeared in the Bar Bulletin the week before. The instruction stated:

> U–Haul has the burden of proving by substantial evidence that Mark Blacker's damages will be alleviated by future employment opportunities.

The defense objected to the giving of this instruction on the basis that it was misleading to the jury and that defense counsel had not had an opportunity to analyze the case or the instruction. The trial court also gave an instruction based on SCRA 1986, UJI Civil 13–1811 (Repl.Pamp.1991), which states:

> In fixing the amount of money which will reasonably and fairly compensate plaintiff, you are to consider that an injured person must exercise ordinary care to minimize or lessen [his] [her] damages. Damages caused by [his] [her] failure to exercise such care cannot be recovered.

Defendant did not object to the giving of this instruction.

## DENIAL OF DEFENDANT'S CONTINUANCE REQUEST

■ Relying on the Rules of Civil Procedure and *Camp v. Bernalillo County Medical Center,* 96 N.M. 611, 633 P.2d 719 (Ct.App.1981), defendant argues that it is entitled to the opportunity "to depose every witness fully and exhaustively on all issues made by the pleadings" and "to prepare for and conduct its defense free of eleventh hour surprises." It further argues that the trial court was required to grant a continuance, and that its refusal to do so

materially prejudiced defendant by forcing it "to trial by ambush." We disagree.

We review the granting or denial of a motion for continuance for a clear abuse of discretion. *Bombach v. Battershell,* 105 N.M. 625, 735 P.2d 1131 (1987). Failure to comply with discovery rules "does not automatically require a continuance." *Sanchez v. National Elec. Supply Co.,* 105 N.M. 97, 99, 728 P.2d 1366, 1368 (Ct.App.1986). The error must be prejudicial. *Id.*

Defendant does not point to a particular Rule of Civil Procedure to support its argument. The cases it relies on, *Camp v. Bernalillo County Medical Center* and *Sandoval v. Martinez,* 109 N.M. 5, 780 P.2d 1152 (Ct.App.1989), are inapposite. In *Camp,* the plaintiff was permitted to amend his complaint to include new allegations and had a previously undisclosed witness testify on ultimate issues of fact. The trial court's refusal to grant a continuance to allow defendants to prepare for this new testimony was held to be an abuse of discretion. *Camp v. Bernalillo Medical Center.* In this appeal, on the other hand, plaintiff did not propose any new theories of recovery at a late date, nor did plaintiff call any unexpected witnesses at trial. Defendant had ample opportunity to prepare to meet plaintiff's arguments. Thus, *Camp* is not controlling.

*Sandoval* involved the appropriateness of dismissal as a sanction for a plaintiff who willfully lied in her answers to interrogatories. Defendant does not allege that plaintiff deliberately failed to disclose the names of physicians who may or may not have treated plaintiff for his previous injury; defendant acknowledges that any failure to disclose the names was inadvertent. Thus, *Sandoval* too is inapplicable to this appeal.

For the reasons that follow, we hold that the trial court's remedy was within its discretion. *See Crockett v. Encino Gardens Care Center, Inc.,* 83 N.M. 410, 492 P.2d 1273 (Ct.App.1971) (trial court did not abuse its discretion in denying motion to vacate setting of trial when it granted defendant leave to take witness's deposition

during or after trial). A review of the record does not demonstrate that defendant was prejudiced. Defendant did not show at trial, or on appeal, that Dr. Katz definitely treated plaintiff after the industrial injury; defendant simply claimed it had found a "reference" to Dr. Katz in an old deposition. Defendant had known of the earlier industrial accident and of plaintiff's primary treating physicians for some time; thus, it had full opportunity to investigate the effects of that accident and failed to do so. *See Sanchez v. National Elec. Supply Co.* (plaintiff not prejudiced by admission of doctor's report at trial where plaintiff had known of the examination for five months and had made no effort to obtain the report). "[G]eneralized allegations of prejudice are not sufficient to establish an abuse of discretion on the part of the trial court." *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 104, 654 P.2d 548, 557 (1982). Defendant has failed to demonstrate specifically how Dr. Katz's testimony would have assisted it. *See State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979) (defendant must show that failure to disclose witness was prejudicial).

We note that defendant could have taken numerous steps to expedite its attempts to obtain information from Dr. Katz. It could have subpoenaed the doctor and made more attempts, rather than a single phone call, to contact him. Most importantly, when defendant encountered difficulties in arranging a deposition as supported by the trial court, defendant should have informed the court so that an alternative remedy could have been considered. It appears to us that more should be required of trial counsel under facts such as presented here. *Cf. State v. Shafer*, 102 N.M. 629, 698 P.2d 902 (Ct.App.1985) (defense counsel cannot claim error where it appears he voluntarily abandoned further cross-examination). One single request for a continuance, without any follow-up or at least alerting the trial court of the need for additional time, was not sufficient under the circumstances of this case.

## REFUSAL TO ADMIT PLAINTIFF'S WORKERS' COMPENSATION COMPLAINT AS AN EXHIBIT

█ The trial court excluded the workers' compensation complaint because it had questions about its relevance. Because the complaint in the workers' compensation case could be deemed an admission, and arguably relevant to the issue of how much of plaintiff's injuries were due to the motor vehicle accident, we shall assume, without deciding, that it was in fact relevant. However, we believe the trial court's ruling, in the context in which it was made, was unclear and the court's questions about relevance, when taken in context, therefore raised issues under SCRA 1986, 11–403. *Cf. Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976) (objection to relevancy of misdemeanor convictions implicitly asserts policy behind excluding such evidence under SCRA 1986, 11–609); *see State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978) (except where another rule of evidence specifically applies, all evidence is subject to Rule 11–403 balancing). We believe the trial court properly exercised its discretion in excluding the evidence because of the danger of misleading the jury and confusing the issues.

The complaint would likely have confused the jury because of the meaning of total disability under our workers' compensation law, which focuses on a claimant's ability to do his previous job. *See* NMSA 1978, § 52–1–24 (Repl.Pamp.1991). That definition is much narrower than the basis for the damages plaintiff was alleging at trial in this appeal, which damages were premised not only on inability to work but also on inability to drive, read, and remember. Thus, an earlier claim of "total disability," without adequate discussion of the limited nature of what that claim involved, would likely have confused the jury without adding to its understanding of the injuries plaintiff suffered in the earlier accident. In addition, plaintiff's attorney stated that he always drafted complaints for total disability when his clients were not getting as much as they were entitled to. Because the complaint, if admitted, would have been subject to explanation and rebut-

tal, *Albright v. Albright,* 21 N.M. 606, 157 P. 662 (1916), the court could well have believed admission of the complaint would have unduly protracted the trial without good reason. We thus hold that the trial court did not abuse its discretion in refusing to admit plaintiff's workers' compensation complaint into evidence.

USE OF A NON–UNIFORM JURY INSTRUCTION BASED ON *McGINNIS*

Defendant argues that the trial court erred by giving two jury instructions that directly contradicted each other: UJI 13–1811 and an instruction based on the case of *McGinnis.* Defendant further claims that the trial court violated SCRA 1986, 1–051(D), by failing to make findings that using the non-Uniform Jury Instruction was necessary.

■ Although defendant objected to the use of the *McGinnis* instruction at trial, the above-noted contentions now made on appeal were not made to the trial court. Rather, defendant objected at trial on the grounds that *McGinnis* had been recently decided (and thus should not apply) and that the instruction might be misleading. At no time did defendant point out to the trial court that the instruction contradicted another instruction, nor did defendant request that the trial court make specific findings under Rule 1–051(D). Thus, we hold that defendant failed to preserve its claim of error to the instructions. *See Andrus v. Gas Co. of New Mexico,* 110 N.M. 593, 798 P.2d 194 (Ct.App.1990) (objection made at trial must be specific enough to alert district court to contention made on appeal). Defendant's assertion of this error in its motion for a new trial is of no consequence. *See City of Albuquerque v. Ackerman,* 82 N.M. 360, 364, 482 P.2d 63, 67 (1971) ("The raising of errors in respect to instructions for the first time by motion for new trial is not timely.").

■ However, even if defendant had preserved the issue, the claims nonetheless fail. The *McGinnis* instruction referred to defendant's burden of proving that plaintiff's damages would be relieved by future employment opportunities; UJI 13–1811, on the other hand, referred to plaintiff's duty

to mitigate damages by using ordinary care and his inability to recover damages caused by plaintiff's failure to mitigate. Defendant does not explain how these instructions were contradictory; we can only assume that defendant argues both instructions refer to contradictory burdens of proof. If so, defendant is incorrect. The *McGinnis* instruction placed the burden of proof on defendant to show that plaintiff would have future employment opportunities. UJI 13–1811 did not contradict this because it only instructed the jury that plaintiff had a *duty* to mitigate; however, the burden of proving *failure* to mitigate was on the defendant. *See Hansen v. Skate Ranch, Inc.,* 97 N.M. 486, 641 P.2d 517 (Ct.App.1982). The instructions were therefore complementary. The giving of complementary instructions is not an abuse of discretion. *See Behrmann v. Phototron Corp.,* 110 N.M. 323, 795 P.2d 1015 (1990).

Defendant's contention that the trial court violated Rule 1–051(D) by failing to make a finding that UJI 13–1811 was erroneous or improper before giving the non-UJI instruction also fails. Rule 1–051(D) states:

Whenever New Mexico Uniform Jury Instructions Civil contains an instruction applicable in the case and the trial court determines that the jury should be instructed on the subject, the UJI Civil shall be used unless under the facts or circumstances of the particular case the published UJI Civil is erroneous or otherwise improper, and the trial court so finds and states of record its reasons.

The plain meaning of Rule 1–051(D) is that it applies when the trial court determines that a particular Uniform Jury Instruction is erroneous or improper. That is not the situation of this appeal. Defendant does not argue that the trial court refused to give an applicable instruction; defendant's argument is that the court gave contradictory instructions. The trial court obviously found UJI 13–1811 was proper because it used it. Additionally, as discussed above, the supplemental instruction was also proper. *Cf. State v. Torres,* 99 N.M. 345, 657

P.2d 1194 (Ct.App.1983) (supplemental instruction was erroneous). Thus, Rule 1–051(D), under the particular circumstances here, was inapplicable to the trial court's action.

CONCLUSION

In summary, having considered defendant's arguments unpersuasive on all issues, we affirm the trial court's judgment.

IT IS SO ORDERED.

MINZNER and PICKARD, JJ., concur.